LEROY CRAWFORD, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed July 15, 1929.

*M. S. McGregor,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant for the State.

BUFORD, J.—In this case LeRoy Crawford was indicted charged with murder in the first degree. He plead not guilty, was convicted of murder in the second degree and sued out writ of error. There are noted eleven assignments of error.

The first assignment of error is ''The court erred in denying the defendant's motion for a continuance.''

A good part of the Brief of Complaints in error is devoted to this assignment.

The motion and proof submitted in support thereof fell far short of meeting the requirements of such a motion, and therefore, in justice to the learned trial judge we will say that there was no error in denying the motion even had not subsequent events transpired as they did.

The motion for a continuance was based on the alleged absence of, and the inability to procure, four witnesses,

154

to-wit: W. R. Bennett, Mrs. W. R. Bennett, Frank Crosian and E. W. Johnson. It was alleged that such witnesses, if present would in effect depose and testify that the defendant was not present at the time and place where the homicide was committed.

It is rather surprising to find that although the denial of this motion for a continuance is insisted upon by counsel as a ground for reversal, that all four of these witnesses were present at the trial and testifying in behalf of the defendant and not one of them gave any testimony with reference to the whereabouts of the defendant at the time the crime was alleged to have been committed. This assignment is not only without merit but its inclusion in the record was entirely improper.

The second assignment of error is based on the order of court denying the motion to quash the indictment.

The indictment in this case was substantially in the form of the indictment, the sufficiency of which was sustained by this Court in the case of Pell v. The State, opinion filed April 30, 1929, and, therefore, the indictment in this case must be held to be sufficient.

The third assignment of error was abandoned.

The fourth assignment of error was based on the action of the court in denying defendant's motion for a Bill of Particulars.

It is well settled in this jurisdiction that "The granting of an application for a bill of particulars in a criminal case rests in the sound discretion of the court. A motion for such a bill should be supported by affidavit." Matthis v. State, 45 Fla. 46, 34 So. R. 387; Brass v. State, 45 Fla. 1, 34 So. R. 307; Branch v. State, 76 Fla. 358, 80 So. R. 482; Brown v. State, 80 Fla. 741, 86 So. R. 574.

There was no abuse of discretion in denying the motion for Bill of Particulars.

The fifth and sixth assignments or error are abandoned.

The seventh assignment of error is based upon the refusal of the court to strike testimony of a physician in regard to the examination of the body of the deceased and his findings and conclusions. We find that under the rule as stated in Kersey v. State, 73 Fla. 832, 74 So. R. 983, there was no reversible error in the ruling of the court in this record.

The other assignments of error appear to be of no importance.

The evidence as disclosed by the record was amply sufficient to sustain a verdict of murder in the first degree without recommendation to mercy and it is evident that the jury exercised great leniency in returning a verdict finding the defendant guilty of murder in the second degree, and of this the plaintiff in error certainly has no cause to complain.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

ELLIS, J., concurs in the opinion and judgment.

TERRELL, C. J., AND BROWN, J., concur in the conclusion.