CARL COLLIER and ANGELO D'ALESSANDRO v. STATE.

156 So. 703.
Division B.
Opinion Filed September 28, 1934.
Petition for Rehearing Denied October 19, 1934.

*W. D. Bell,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Asistant, for the State.

BUFORD, J.—In this case the defendants were convicted of the offense of conducting a lottery for money.

We have carefully examined the record and considered the assignments of error presented. The indictment charged as follows:

"The Grand Jurors of the State of Florida, inquiring in and for the body of the County of Lee, upon their oaths present that Carl Collier, Herman Cooper and Angelo D'Alessandro on the 29th day of July, 1933, at and in the County of Lee aforesaid, and at divers times between July 1, 1933, and July 29, 1933, did conduct a lottery for money and by means of a lottery did dispose of money and did sell tickets in a certain lottery for money, the aforesaid lottery being commonly known as Bolita, a further description of said lottery being to the Grand Jurors unknown; contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Florida."

Attack was made on this indictment by motion to quash and also in arrest of judgment. We hold that the indictment was entirely sufficient to charge the offense under authority of the opinion and judgment in the case of D'Allessandro v. State, in which opinion was filed February 27, 1934, reported 153 Sou. 95.

The evidence abundantly sustained the truth of the charge.

It is contended by plaintiff in error that the indictment is fatally defective because of the manner in which the time of the commission of the crime is alleged.

The Court takes judicial cognizance of the fact that the conducting of a lottery for money is a matter which may be accomplished within a short period of time, or may be spread out over a long period of time. The whole transaction may be performed within a day, or it may require months from the beginning to the end of its performance. It may be accomplished by the conducting of one game or of many games. What is required as to certainty in the drafting of an indictment is that the time be fixed in the indictment with such certainty as to protect the accused from a second prosecution for the same offense. Where a crime may be committed by the performance of several different acts in the performance of which a number of days are used or employed the crime may be charged as having been committed on a first date and a last date and upon divers days intervening between those two dates. It is not required that the indictment name a day certain but that it name a time certain. The indictment in this case meets that requirement and by its allegations the accused is protected against a second prosecution for the same offense and is fully advised of the charge against him and as to what he is to defend against.

We have examined the other assignments of error and find no reversible error in the record.

Therefore, the judgment should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.