JOSEPH W. JARRELL v. STATE

185 So. 873.
Division B.
Opinion Filed January 3, 1939.
Rehearing Denied February 6, 1939.

George A. DeCottes, for Plaintiff in Error;

George Couper Gibbs, Attorney General, Tyrus A. Norwood, Assistant Attorney General, and Lloyd F. Boyle. Assistant State Attorney, for the State.

WHITFIELD, P. J.—This writ of error was taken to a judgment of conviction and sentence to one year's imprisonment in the State Penitentiary on an indictment charging in six counts violations of the statute forbidding lotteries.

On motion to quash, the fifth count was eliminated and trial was had on the remaining five counts and a plea of not guilty after a motion for a bill of particulars as to each

count had been denied. It does not appear that the order denying the bill of particulars was excepted to.

The first count charged "that Joseph W. Jarrell of the County of Seminole and State of Florida, on the 17th day of November, in the year of our Lord One Thousand Nine Hundred and Thirty-seven, in the County and State aforesaid, and at divers times between September 29th, 1937, and November 17th, 1937, did conduct a lottery for money and by means of a lottery did dispose of money, the aforesaid lottery being commonly known as Cuba, a further description of said lottery being to the Grand Jurors unknown; contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Florida."

Other counts differed only in charging that the defendant "did set up and promote a lottery for money, the aforesaid lottery being commonly known as Cuba, a further description of said lottery being to the Grand Jurors unknown; did, by means of a certain lottery, dispose of money, the aforesaid lottery being commonly known as Cuba, a further description of said lottery being to the Grand Jurors unknown; did transmit certain lottery tickets and coupons representing an interest in a lottery for money yet to be played, the aforesaid lottery being commonly known as Cuba, a further description of said lottery being to the Grand Jurors unknown; did sell lottery tickets and coupons representing an interest in a lottery for money yet to be played, the aforesaid lottery being known as Cuba, a further description of said lottery being to the Grand Jurors unknown;"

Grounds of the motion to quash are numerous and are adapted to each count. In substance they are that each count is vague, indefinite and uncertain; charges no offense against the laws of Florida; does not sufficiently apprize

the defendant of the nature of the accusation preferred against him; charges no offense punishable by law under Section 23, Article III of the constitution, prohibiting lotteries in the state of Florida; is bad for duplicity in that it purports to charge two offenses; fails to charge the manner, means or extent in which defendant conducted a lottery; alleges conclusions as to certain material elements of the offense purported to be charged, and alleges no facts from which said conclusions could be drawn; does not properly and sufficiently allege the means employed or the date or place of the commission of the offense sought to be charged; is so framed that it in no way protects the defendant from a second prosecution for the same offense; is so framed that it cannot be determined whether it purports to charge a misdemeanor or a felony.

The motion for bill of particulars as to each of the five remaining counts of the information and the specifications as to the first count are as follows:

"Comes now the defendant in the above entitled cause and represents unto the court that the indictment returned against him herein on the 22nd day of November, A. D. 1937, charging this defendant with a felony in connection with a lottery is so framed as to hinder and seriously embarrass the defendant in the preparation of his defense to to the charges set forth in said indictment, and unless the State is required in this cause to furnish unto the defendant a bill of particulars there is grave danger that the accused may be deprived of his rights, and justice may not be done between the State of Florida and this defendant, and this defendant further represents that because of the phraseology of the charging parts of the various counts of said indictment, that said indictment and each and every count thereof is wanting in specific details, of which the defendant is justly entitled to be informed before trial, and the defend-

ant further. represents that the bill of particulars hereby requested is necessary for the proper administration of justice as the defendant herein has a right to demand the nature and cause of the accusation against him,

"WHEREFORE, defendant moves this court that the State of Florida be required to forthwith furnish unto the defendant a bill of particulars to each and every count severally of the indictment to the nature and extent as hereinafter set forth.

"As to First Count:

"(1). Specifications in detail of the ultimate facts relied upon by the State to sustain the charge that the defendant. did conduct a lottery for money.

"(2). Specifications in detail showing the manner and means engaged and employed by the defendant in conducting a lottery.

"(3). The kind of lottery so conducted by the defendant.

"(4). The particular place in Seminole County where said lottery was so conducted.

"(5). The specific dates between September 29th, 1937, and November 17th, 1937, on which the defendant did conduct a lottery.

"(6). Specifications in detail of facts stated as a conclusion in the first count to show how defendant did conduct a lottery for money.

"(7). A more particular description of the manner in which the lottery charged in the first county, commonly known as Cuba, is played and conducted."

Specifications as to other counts are similarly stated to refer to the counts severally.

Section 23, Article III of the Florida Constitution is as follows:

"Lotteries are hereby prohibited in this State."

Section 7667 (5509) C. G. L. is as follows:

"It shall be unlawful for any person, firm or corporation in this State to set up, promote or conduct any lottery for money or for anything of value; or by means of any lottery to dispose of any money or other property of any kind whatsoever; or to conduct. any lottery drawings for the distribution of prizes by lot or chance, or to advertise any such lottery scheme or device in any newspaper or by circulars, posters, pamphlets or otherwise; or to sell, or to offer for sale, or to transmit, by mail or otherwise, any lottery tickets, coupons, or share in or fractional part of any lottery ticket, share or coupon; or to attempt to operate, conduct or advertise any lottery scheme or device; or to have in his, their or its' possession any lottery wheel, implement or device whatsoever for conducting any lottery or scheme for the disposal by lot or chance of anything of value; or to have in his, their or its possession any lottery ticket, or evidence of any share or right in any lottery ticket, or in any lottery scheme or device; or to have in his, their or its possession any lottery advertisement, circular, poster or pamphlet or any list or schedule of any lottery prizes, gifts or drawings, or to aid or assist in the setting or conducting of any lottery, either by writing, printing or otherwise; or to be interested in, or connected in any way with any lottery or lottery drawing; or to aid or assist in the sale, disposal or procurement of any lottery ticket, coupon, share or right to any drawing therein. Any violation of this section shall be a felony, and shall be punished by a fine of not less than five hundred dollars, nor more than five thousand dolars, or by imprisonment in the State penitentiary not less than one year, or more than ten years. (Ch. 4373, Acts 1895, sec. 1)."

Section 7669 (5511) C. G. L. provides:

"Whoever sets up, promotes or plays at any game of chance by lot or with dice, cards, numbers, hazard or any other gambling device whatever for, or for the disposal of money or other thing of value or under the pretext of a sale, gift or delivery thereof, or for any right, share or interest therein, shall be fined not exceeding one hundred dollars, or be imprisoned not exceeding three months."

Counsel for plaintiff in error contends in effect that no penal offense pertaining to any aspect of a lottery, such as is prohibited by the constitution, is properly charged in any of the counts; that it cannot be determined from the language of any of the courts whether the offense sought to be charged is a felony under Section 7667 C. G. L., or a misdemeanor under Section 7669 C. G. L.; that each count is vague and indefinite and does not sufficiently apprise the defendant of the nature of the charge against him, or protect him from prosecution twice for the same offense.

The above quoted statutes were enacted as Sections 1 and 3 of Chapter 4373, Acts of 1895, the title to the Chapter being:

"An Act to Prohibit Lotteries and Games of Chance and to Prescribe Penalties Therefor."

The purpose of Chapter 4373 is to effectuate the provision of the constitution that: "Lotteries are hereby prohibited in this State;" and the courts should interpret and apply the statute in prosecutions under it so as to enforce the command of the constitution, when such enforcement does not violate any other provision of the constitution. In this prosecution the defendant has a constitutional right to demand that an information against him shall be so drawn as to definitely state an offense under the statute, and disclose "the nature and cause of the accusation against him," Sec-

tion 11, Declaration of Rights, and so as to protect him against being "twice put in jeopardy for the same offense." Sec. 12, Declaration of Rights.

The constitution and the statute express a fixed policy of the State and are designed to make a lottery of any kind unlawful; and to impose punishment upon any one who in any way violates the statutes on the subject.

The statute does not define "lotteries," see Lee v. City of Miami, 121 Fla. 93, 163 So. 486, 101 A. L. R. 1115, but Section 7667 C. G. L. definitely states that it shall be unlawful in this State to set up, promote or conduct any lottery for money or for anything of value; and also makes it unlawful to do or commit any one of the acts or things stated in the section as being unlawful in connection with a lottery or lotteries; and provides a penalty therefor as for a felony. Seé Sec. 25, Art. XVI, of the Florida Constitution.

Section 7669 defines a misdemeanor for setting up, promoting or playing "at any game of chance by lot, or with dice, cards, numbers," etc., with prescribed punishment, as for a misdemeanor, to cover a class of unlawful activities relating to games of chance not embraced in section 7667.

In this case the counts of the indictment distinctly charge violations of Section 7667 and not Section 7669 C. G. L.

· In Collier and D'Alessandro v. State, 116 Fla. 703, 156 So. 703, the indictment charged that the defendants "on the 29th day of July, 1933, at and in the county of Lee aforesaid, and at divers times between July 1, 1933, and July 29, 1933, did conduct a lottery for money and by means of a lottery did dispose of money and did sell tickets in a certain lottery for money, the aforesaid lottery being commonly known as Bolita, a further description of said lottery being to the Grand Jurors unknown; contrary to the

form of the Statute in such case made and provided and against the peace and dignity of the State of Florida."

Upon that indictment the court said:

"The Court takes judicial cognizance of the fact that the conducting of a lottery for money is a matter which may be accomplished within a short period of time, or may be spread out over a long period of time. The whole transaction may be performed within a day, or it may require months from the beginning, to the end of its performance. It may be accommplished by the conducting of one game or of many games. What is required as to certainty in the drafting of an indictmment is that the time be fixed in the indictment with such certainty as to protect the accused from a second prosecution for the same offense. Where a crime may be committed by the performance of several different acts in the performance of which a number of days are used or employed, the crime may be charged as having been committed on a first date and a last date and upon divers days intervening between those two dates. It is not required that the indictment name a day certain but that it name a time certain. The indictment in this case meets that requirement and by its allegations the accused is protected against a second prosecution for the same offense and is fully advised of the charge against him and as what he is to defend against."

In Smith v. State, 40 Fla. 203, text 206, 23 So. 845, it is said:

"The objection urged is that the first count is bad for duplicity, in that it charges defendant with four distinct offenses under the statute quoted, viz.: setting up, promoting and conducting lotteries; disposing of money by means of lotteries; conducting lottery drawings for distributing prizes by chance; and selling lottery tickets for money. In Bradley v. State, 20 Fla. 738, we held that

when a statute makes either of two or more distinct acts, connected with the same general offense, and subject to the same punishment, indictable as distinct crimes, they may when committed by the same person at the same time, be coupled in one count, and constitute but one offense; that under a statute reading 'whoever buys, receives, or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished,' & c., an indictment charging that defendant 'feloniously did buy, receive and have, and did then and there aid in the concealment of certain stolen property of,' & c., knowing the property to have been feloniously stolen, was not bad for duplicity; that the indictment in such a case might be either for the buying, or the receiving, or the aiding in the concealment of stolen property; or it might combine all these offenses in one count. See also King v. State, 17 Fla. 183. This case clearly falls within the principle of those decisions; consequently the court below properly declined to quash the first count of the information."

See also Bueno v. State, 40 Fla. 160, text 165, 23 So. 862, where it is said:

"The information in this case was based upon Section 1, Chapter 4373, Acts of 1895, which provides that 'it shall be unlawful for any person, firm or corporation in this State to set up, promote or conduct any lottery for money or for anything of value, or by means of any lottery to dispose of any money or other property of any kind whatsoever, or to conduct any lottery drawings for the distribution of prizes by lot or chance, or to sell or to offer for sale or to transmit by mail, or otherwise, any lottery tickets, coupon or share in, or fractional part of any lottery ticket, share or coupon, or to be interested in, or connected in any way with any lottery or lottery drawing, or to aid or assist in the sale, disposal or procurement of any lottery ticket,

coupon, share or right to any drawing therein. Any violation of this section shall be a felony and shall be punished by a fine of not less than five hundred dollars, nor more than five thousand dollars, or by imprisonment in the State penitentiary not less than one year, nor more than ten years, or by both such fine and imprisonment.' "

"The information was for one offense only, though in the several counts it was charged to have been committed by different methods embraced within the alternative provisions of the statute. The punishment was the same, and the offense was the same—a felony—no matter which count was covered by the verdict, and the guilt of the defendant was the same whether he violated the statute by doing the acts charged in one count, or by doing every act embraced within all the counts. The punishment prescribed by the statute was the same for a conviction upon one count only, as it would have been for a conviction upon all, because the counts did not charge separate and distinct offenses but the same offense committed in different ways, to meet the varying aspects in which the evidence might present itself. The verdict found the defendant guilty upon every count of the information, thereby determining that defendant committed the offense in every manner charged. If, therefore, the information contained any good count as to which there was sufficient evidence to sustain a verdict of guilty, it is evident that any error in refusing to quash a bad count charging the same offense, can not affect the validity of the finding on such good count. Where an indictment or information contains good and bad counts, and there is a general verdict of guilty rendered upon the whole, a judgment and sentence will be sustained if the indictment or information contains one count in which the offense is adequately set forth, provided the sentence be within the limits of the punishment prescribed for the offense charged

in the good count. Jordon v. State, 22 Fla. 528; 1 Bishop's Crim. Proc., Secs. 1015, 1332."

On the authority of the above decisions of this court we hold that the indictment in this case legally and properly charges an offense under Section 7667 C. G. L.; that it is not defective in the allegations as to the time, place and means of committing the offense charged, or in stating the nature and cause of the accusation, and is legally sufficient in definiteness in charging the felony offense, and that the indictment is legally sufficient to protect the defendant from being twice put in jeopardy for the same offense. The sentence is to one year in the State Prison as for a single offense.

"An application for a bill of particulars in a criminal case is not founded upon a legal right, but is a matter resting within the sound discretion of the court, depending entirely upon the nature and circumstances of each particular case as they appear to the court, before whom the trial is had, and the refusal of the trial judge to grant such a motion will not be disturbed or reversed by an appellate court, unless there was an abuse of such discretion." H. N. 3, Mathis v. State, 45 Fla. 46, 34 So. 287.

"Granting of application for bill of particulars in criminal case rests in sound discretion of court. Motion for bill of particulars in criminal case should be supported by affidavit." H. N. 2, 3, Crawford v. State, 98 Fla. 152, 123 So. 567.

There is nothing in the record to indicate that the court abused its sound judicial discretion in denying the motion for bills of particulars; nor to indicate that the defendant was in any conceivable way harmed thereby. See Craig v. State, 95 Fla. 374, 116 So. 272; Eatman v. State, 48 Fla. 21, 37 So. 576; Mathis v. State, 45 Fla. 46, 34 So. 287.

As there was ample evidence to sustain the verdict of

"guilty as charged in the indictment," there was no error in denying a motion for a directed verdict for the defendant, on all the counts, at the close of the testimony for the State, the records stating that "on advice of counsel the defendant has no testimony to offer."

Errors assigned on the testimony, on the oral discussion of counsel in arguing the case to the jury, on the charges given and refused and on other matters of procedure have been duly considered and no harmful, if any, error is made to appear. A detailed discussion here of such matters will serve no useful purpose. The defendant had a fair trial, the charges given were not erroneous, the charges refused were not applicable to the law and facts of the case or were covered by charges given. the evidence legally and sufficiently sustains the verdict and the sentence is for a single offense and is within the penalty prescribed by the statute for the felony charged.

AFFIRMED.

TERRELL, C. J., and BROWN, BUFORD and CHAPMAN, J. J., concur.