The appellant, Edward Winslow, was informed against for the crime against nature by the County Solicitor of Orange County, Florida. The crime was alleged to have been committed by the appellant in said county on March 20, 1949. He was placed upon trial and by a verdict of a jury found guilty and by the trial court adjudged guilty and thereafter sentenced to serve a period of twenty years at hard labor in the State Prison. He perfected an appeal therefrom to this Court.
Counsel for the appellant both in their brief and orally at the bar of this Court contend that the appellant was denied a fair and impartial trial in the court below because of the following factual situation. The date of the alleged crime stated in the information was March 20, 1949. The appellant and his counsel when the case was called for trial prepared to account for each hour of the day of March 20, 1949, and, relying on this date, the case was called and a jury impanelled to try the defendant when they learned for the first time that the State of Florida did not rely on the date of March 20, 1949, as alleged in the information, but on a different date, to-wit, on a day between March 11th and March 31st, 1949.
The County Solicitor in his opening statement to the jury, as to the date of the alleged crime, in part said: "We fixed the date when it happened at sometime between March 11th, we'll say, and March 31st. It is alleged in the information, March 20th. We will be unable to tell you the exact date. The girl doesn't remember. But it was sometime during that period. It is our contention that the State must convince you beyond every reasonable doubt that the act in this information was committed by the defendant with the girl, the one that we allege took place in the bathroom of that apartment over the Rabeck Bottling Works. If we do not prove to you beyond a reasonable doubt, it would be your duty to acquit the defendant".
Counsel for the appellant made the following motion:
"Mr. Spencer: I move the Court, now that the State has announced that it intends to prove not only the charge alleged in the Information as having occurred on the 20th day of March, 1949, but it intends to prove, *Page 340 
or offers to prove prior and subsequent acts of sodomy, and prior or subsequent acts of illicit sexual intercourse, and the defendant moves the Court here and now to require the plaintiff to furnish a Bill of Particulars as to date of the alleged offenses and the nature thereof in order that the Defendant may be able to meet such charge and further moves that the case be continued until such time as the defendant shall have the right to inspect said bill of particulars and shall have the right to summons witnesses in his defense thereto.
"And, on the further grounds that the introduction of such evidence without such right being granted to the defendant would deprive the defendant of a fair, just, and impartial trial before a jury as guaranteed by the Constitution of the United States and the State of Florida.
"Comes now the defendant and moves the Court to continue the trial of this cause and the prosecution of this defendant until such time as the principal in the first degree has been tried before this Court on the offense for which this defendant, as accomplice or accessory, is now sought to be tried.
"(Whereupon, it was argued to the Court.)
"The Court: Both motions are denied. It is clear enough that evidence of other acts of sodomy may be introduced."
The granting of a bill of particulars in a criminal case is not founded upon a legal right but is a matter resting within the sound discretion, depending entirely upon the nature and circumstances of each particular case, of the trial court. Jarrell v. State, 135 Fla. 736, 185 So. 873; Rast v. State,79 Fla. 772, 84 So. 683, involved a charge of embezzlement of funds of Duval County by the Tax Collector and this Court held that the nature and circumstances of the offense required that the State supply the defendant with a bill of particulars. In the case of Thalheim v. State, 38 Fla. 169, 20 So. 938, 941, we in part said: "It is now a general rule, perfectly well established, that in all legal proceedings, civil and criminal, bills of particulars or specifications of facts may and will be ordered by the court whenever it is satisfied that there is danger that otherwise a party may be deprived of his rights, or that justice cannot be done." We further said text 38 Fla. 180-181, 20 So. 941: "* * * whenever an indictment is so general as to give the defendant inadequate notice of the charge he is expected to meet, the court, on his application, will require the prosecution to furnish him with a bill of particulars specifically showing the nature of the charge against him. The defendant has a right to such bill of particulars only when the indictment does not give him adequate notice of the charge he is expected to meet. The power of the court to direct such bills of particulars does not depend upon any express statutory authority, but is included within the general power to regulate the conduct of trials in the just enforcement of the law. * * * Any other view of the law, it seems to us, would be in conflict with the section of the bill of rights of our state constitution hereinbefore quoted."
The record discloses that the State's principal witness was between 14 and 15 years of age and the stepdaughter of the appellant. She admitted hearing many radio programs involving the commission of different crimes. She made notes while hearing different radio programs and one was filed as an exhibit by the appellant. She made an affidavit charging her stepfather with a serious crime but the same was withdrawn. The appellant supplied the stepdaughter and her brothers with a home and otherwise provided for them. The alleged crime remained a secret for about two weeks and came to light for the first time after the appellant notified his housekeeper to remove herself and family from the home by March 31, 1949. The housekeeper and her husband in testifying corroborated the statement of the stepdaughter. The housekeeper demanded money of the appellant as a condition for removing herself and family from the home. The appellant testified that she demanded $2,000.00, but she denied demanding this sum but did demand and accept from the appellant $247.00 prior to moving from the home. *Page 341 
The stepdaughter and housekeeper and her husband testified that the alleged crime was committed in the bathroom between March 11th and 31st, 1949. The appellant contended that he was helpless in defending the charge during this period as he was without knowledge as to the time or place relied upon by the prosecution and it was impossible for him to defend the twenty day period without a bill of particulars. There can be no doubt that the appellant was placed at a disadvantage in simply waiting to hear the witness for the prosecution testify and thereafter during the progress of the trial prepare his defense. Several witnesses called to the stand testified as to the good reputation of the appellant. It occurs to the writer that the secrecy of the alleged crime and the damaging testimony of other State witnesses demanding money of the appellant bring this controversy within the rule enunciated by us in Thomas v. State, 74 Fla. 200, 76 So. 780. Thomas was convicted for selling whiskey. Prior to the trial he applied to the trial court for a bill of particulars and the same was denied. We held the ruling erroneous and in part said:
"* * * If he is innocent it is impossible for him to prepare his case; he must simply wait until he hears the witness for the state, and then content himself with a denial. If by some chance a witness is at hand to prove that the state witness was in error as to the particular transaction, the state may call upon the same witness, or another, to testify as to a transaction upon another date, at a different place and with another person. The ease with which such evidence can be procured, the difficulty of proving the perjury when committed, the facility with which this method of revenge may be utilized by wickedly disposed persons to subject an enemy to trouble, expense, and disgrace, or by unscrupulous persons as a means of livelihood, seems to us to imperatively demand the granting of a motion for a bill of particulars when seasonably made, to the end that the defendant may be fully advised of the nature and cause of the accusation against him; that he may have an opportunity to prepare his defense, and that the machinery of the courts may not be utilized by unscrupulous persons to bring about the humiliation and disgrace of a personal enemy, or by designing persons as a means of acquiring revenue by furnishing evidence for conviction. In cases where the corpus delicti may be shown in many ways a denial of a bill of particulars may not entail such harmful consequences to the defendant, and the court's discretion may not be disturbed; but where the time, place, and circumstances of an alleged crime rest for proof only in the breast, mind, or imagination of a single witness or set of witnesses, the defendant would seem to be entitled to the protection which a bill of particulars affords against the possibility, not to say probability, of a miscarriage of justice. * * *"
It was not sufficient for counsel for appellant to abide his time, prepare for trial and rely on the date alleged in the information prior to applying to the trial court for a bill of particulars. The law requires such application to be presented prior to pleading to the information. The nature of the accusation, coupled with the possible denial of a fair and impartial trial and to prevent a miscarriage of justice, we are restricting and limiting our ruling to the facts involved in this controversy. See Section 4 of Declaration of Rights, F.S.A.
The judgment is reversed and a new trial awarded.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur. *Page 342