PER CURIAM.
On February 8, 1960, appellee was informed against in the Criminal Court of Record, Dade County, for acting as a business agent of a labor union between January 19, 1960, and February 5, 1960, without a license to do so, as required by Chapter 447, Florida Statutes, F.S.A. A motion to quash said information was granted March 17, 1960.
On March 25, 1960, appellee was again informed against in the Criminal Court of Record, Dade County, for the same offense committed at the same time as the first offense detailed in the preceding paragraph. On May 12, 1960, motion to quash the latter information was granted on the ground that § 447.04, Florida Statutes, F.S.A., was unconstitutional in that it is repugnant to the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. We are confronted with an appeal from the latter order.
The first question with which we are confronted is whether § 447.04, Florida Statutes, F.S.A., infringes upon the National Labor Relations Act, and is, therefore, unconstitutional under the supremacy clause of the Federal Constitution, art. 6, cl. 2.
In Hill v. State, 155 Fla. 245, 19 So.2d 857,858, the constitutional validity of § 447-04, Florida Statutes, F.S.A., was examined and we upheld its validity after deleting *702 therefrom a provision which was held-to vest arbitrary power in the board created thereby. The statute considered in Hill v. State, supra, is identical to the statute involved in the instant case, except that a few minor changes, such as changing “United States of America” to “United States” and ‘■'State of Florida” to “State,” have been made and the section deleted by this Court in Hill v. State, supra, no longer appears in the act.
On appeal to the Supreme Court of the United States, the decision of this Court was reversed on the ground that the Florida Statute conflicted with the National Labor Relations Act, 325 U.S. 538, 65 S.Ct. 1373, 1374, 89 L.Ed. 1782, 1784 (1945); 326 U.S. 804, 66 S.Ct. 11, 90 L.Ed. 489 (1945). In holding § 447.04, Florida Statutes, F.S.A., unconstitutional, the Supreme Court said:
“It is apparent that the Florida statute has been so construed and applied that the union and its selected representative are prohibited from functioning as collective bargaining agents, or in any other capacity, except upon conditions fixed by Florida. The declared purpose of the Wagner Act, as shown in its first section, is to encourage collective bargaining, and to protect the ‘full freedom’ of workers in the selection of bargaining representatives of their own choice. * * *
“Section 4 of the Florida act circumscribes the ‘full freedom’ of choice which Congress said employees should possess. It does this by requiring a ‘business agent’ to prove to the satisfaction of a Florida Board that he measures up to standards set by the State of Florida as one who, among other things, performs the exact function of a collective bargaining representative. To the extent that Section 4 limits a union’s choice of such an ‘agent’ or bargaining representative, it substitutes Florida’s judgment for the workers’ judgment.
* * * * * *
“Our holding is that the National Labor Relations Act and Sections 4 and 6 of the Florida Act as here applied cannot ‘move freely within the orbit of their respective purposes without infringing upon one another.’ * * * ”
Examination of this decision discloses that the Supreme Court reversed this Court only to the extent that the Florida Statute would be applied as to restrict the freedom of workers in the selection of their collective bargaining representatives. To that extent only the United States Supreme Court held that the act in question conflicted with the National Labor Relations Act. It follows that if the Florida Act be so interpreted as to remove the conflict so condemned by the National Labor Relations Act, the Florida Statute (§ 447.04, F.S.A.) would be constitutional as modified by the United States Supreme Court in Hill v. State, supra.
Following the remand of Hill v. State by the Supreme Court of the United States to this Court, we entered an order of reversal on November 29, 1945, wherein we said:
“* * * (b) that in so far as said judgment sustained the injunction entered in the trial court as applied to the appellant Leo H. Hill with respect to any activity he might engage in as the collective bargaining representative of the appellant labor union as authorized under and contemplated by the National Labor Relations Act, such judgment of this Court is reversed, and said injunction issued against such appellant by the trial court should be dissolved only to the extent that the same embraced possible activities of said appellant in collective bargaining for the appellant union’s members as provided in and contemplated by said federal act; and (c) that in all other respects such judgment of this Court of November 28, 1944, shall stand as the amended and modified judgment of this Court in this cause. * ' * * ”
*703 It follows that § 447.04, Florida Statutes, F.S.A., has been so interpreted as not to apply to bargaining representatives of labor unions but applies only to functions performed by business agents of labor unions which have no relation to collective bargaining. It is, therefore, our view that § 447.04, Florida Statutes, F.S.A., as interpreted by this Court is not subject to the attack made on it in Hill v. State.
It further appears that since the foregoing decisions interpreting § 447.04, Florida Statutes, F.S.A., the National Labor Relations Act has been modified in certain respects by the Labor Management Reporting and Disclosure Act so as to indicate a clear intention on the part of Congress not to preempt the field of labor relations in the area with which we are involved in this case, that is to say, the licensing and qualification of officers or paid representatives of labor unions. In other words, the rationale of Hill v. State no longer has application to § 447.04, Florida Statutes, F.S. A. See purpose of the Labor-Management Reporting and Disclosure Act, 73 Statutes 519, 29 U.S.C.A. §§ 401 and 504; De Veau v. Braisted, 363 U.S. 144, 80 S.Ct. 1146, 4 L. Ed.2d 1109.
The second question presented is whether the provisions of § 447.04, Florida Statutes, F.S.A., constitute an undue restraint upon freedom of speech or freedom of assemblage.
This Court answered that question in the negative in Hill v. State, supra, and the Supreme Court of the United States did not disturb that holding when the case reached them. These decisions would appear to conclude the question. See also Thomas v. Collins, 1944, 323 U.S. 516, 65 S.Ct. 315, 89 L.Ed. 430.
Question three has to do with whether or not granting the motion to quash the information without permission of the state to file an amended information barred it from doing so thereafter.
This question is without merit and is concluded by Hayden v. State, 1942, 150 Fla. 789, 9 So.2d 180.
The concluding question is whether or not the information charges an offense under the laws of the State of Florida. We hold such allegations are sufficient. Collier v. State, 1934, 116 Fla. 703, 156 So. 703; Overstreet v. Whiddon, 1937, 130 Fla. 231, 177 So. 701; Jarrell v. State, 1939, 135 Fla. 736, 185 So. 873.
It follows that the judgment appealed from must be, and is hereby, reversed.
Reversed.
THOMAS, C. J., and TERRELL, HOB-SON, ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.