139 So.2d 891 (1962)
William A. GEARY, Appellant,
v.
STATE of Florida, Appellee.
No. 62-118.
District Court of Appeal of Florida. Third District.
April 10, 1962.
Rehearing Denied May 1, 1962.
Gotthardt, Christie & Shepard and Angelo A. Ali, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., Richard E. Gerstein, State Atty., and Roy S. Wood, Asst. State Atty., for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
PER CURIAM.
Another aspect of this case was before us in State of Florida, ex rel. Geary v. Kelly, Fla.App. 1962, 137 So.2d 262. This appeal is by William A. Geary who was found guilty of a charge of criminal contempt for discussing a cause in which he was a juror during the time that the court was in recess and against the admonition of the court. A citation was issued and served upon Geary directing him to appear for hearing before the court on the charge of "* * * violating the Court's orders not to discuss the case while you were sworn as a juror. * * *"
On the day of the hearing Geary filed a motion to quash the citation upon the ground that the citation was vague and indefinite, and filed his answer to the citation which generally denied the charge. The motion was denied and the hearing proceeded. At the conclusion of the hearing, the court adjudged the appellant guilty and imposed a sentence of six months in the county jail with credit for the days already served.
By this appeal, Geary presents three basic questions: (1) Was the citation legally sufficient? (2) Was it a violation of the trial court's admonition to state to a stranger to the case that he (the juror) might do the parties "some good" for a nominal fee? and (3) Was the imprisonment unreasonably harsh?
*892 Upon the sufficiency of the citation we need only comment that the citation charged actions which, if proved, would constitute a criminal contempt, and the appellant clearly had notice of the nature of the contemptuous act with which he was charged. Without deciding that further particulars would have been appropriate, we may point out that the appellant did not move for a bill of particulars, as he could have done. Thalheim v. State, 38 Fla. 169, 20 So. 938; Mathis v. State, 45 Fla. 46, 34 So. 287; Winslow v. State, Fla. 1950, 45 So.2d 339.
The appellant urges that he could not really have been in contempt when he made the comments charged because he made them in a joking manner. The possibility that appellant was joking does not seem to have so impressed the person addressed (he informed the trial judge of the conversation), nor did the trier of fact recognize that possibility. Such a possibility is a matter of affirmative defense which requires the weighing of the circumstances surrounding the conversation. Unless we should find that the evidence so strongly presented the possibility as to raise a reasonable doubt of guilt, the appellant could not be benefited. We do not so find.
Under appellant's third point he suggests that he was tried for disobedience of the trial judge's order but convicted of trying to sell his vote, and this accounts for what he considers the unusual severity of his punishment. It has been held that the power to punish for contempt should be cautiously and sparingly exercised. Seaboard Air Line Ry. Co. v. Tampa Southern R. Co., 101 Fla. 468, 134 So. 529; Demetree v. State ex rel. Marsh, Fla. 1956, 89 So.2d 498. Yet it is natural and right that the court should be jealous of the integrity of the judicial process since there can be no surer way to harm our system of government than to have sown the seeds of suspicion and distrust for the ordinary processes of the law. While it is not contended that the sentence is illegal, appellant's third point is in the nature of a petition for modification of the sentence and might more appropriately be directed to the trial judge. We will not disturb the sentence.
Affirmed.