GERALD, LYNN, Associate Judge.
An amended information was filed against the Appellant reading in part as follows:
“ * * * that Grady Daniels of the County of Polk, and the State of Florida, on the 1st day of October, 1960, and divers other times between October 1, 1960, and June 30th in the year of Our Lord, One Thousand Nine Hundred and Sixty-One, in the County and State aforesaid, did unlawfully and feloniously commit the abominable and detestable crime against nature with, on and upon A. G. Joiner by copulation per os on and with the said A. G. Joiner * *
The Appellant moved to quash the information on the ground that the information was duplicitous and upon denial of the Motion to Quash he moved for a Bill of Particulars seeking to require the State to furnish the specific day or days that the alleged crime or crimes took place; we reverse the lower Court for the denial of the latter motion.
The information was filed October 4, 1961, and the trial was held January 22, 1962. The testimony of the prosecuting witness, A. G. Joiner, was in part as follows (R. 17):
“Q. In October,' 1960, sir, did you meet with the defendant at the Winter Haven public rest room?
“A. Yes, I did.
“Q. At approximately what time, sir ?
“A. I do not remember the exact date; I would say it was in the mid-afternoon of the date.
“Q. But it was in the month of October of 1960 ?
“A. Now, I believe so, yes.”
He further testified on cross examination (R. 21):
“Q. Now, sir, you testified that it was —the first time you testified to having any relations with Mr. Daniels — in October of 1960?
“A. I believe that it was.
“Q. Can you be more definite, please, sir?
“A. I cannot be definite as to an exact date, no.
“Q. Was it in October of 1960?
“A. I believe so; I cannot say positively that it was in October.”
*16 And again (R. 23 and R. 24):
“Q. Now, do you recall whether this was during the week or on a weekend ?
“A. I am almost sure it was during the week.
“Q. Now in the information in this case it alleges that on October 1st, 1960, and then it adds ‘thereafter.’ I want to direct you attention specifically to October 1st, 1960, and ask you if that is possibly the occasion ■ about which you have testified in October?
“A. I would say it was near that date.
“Q. What — you have stated you think it was a week day; could it have been a weekend — a Saturday?
“A. It is possible for it to have been a Saturday.
“Q. If I told you that October 1st was on a Saturday, would that make any difference in your testimony ?
“A. No, I already knew October 1st was on Saturday.
“Q. That doesn’t help you to refresh your recollection any?
“A. Not as to the exact date, no.”
In Winslow v. State, Fla., 45 So.2d 339, the defendant was charged with a crime against nature performed on his stepdaughter. The information alleged the crime to have occurred on March 20, 1949, but the County Solicitor, in his opening statement to the jury, announced he intended to prove the crime was committed sometime between March 11th and March 31st. At this point, counsel for the defendant moved the Court for a bill of particulars as to the date of the alleged offenses and the nature thereof. The trial court denied the motion and forced the defendant to trial, whereupon he was convicted and later appealed. The Supreme Court reversed the conviction and awarded a new trial.
Justice Chapman stated: “The granting of a bill of particulars in a criminal case is not founded upon a legal right but is a matter resting within the sound discretion, depending entirely upon the nature and circumstances of each particular case, of the trial court. Jarrell v. State, 135 Fla. 736, 185 So. 873.”
Further quoting Thomas v. State, 74 Fla. 200, 76 So. 780, the Court said: “Thomas was convicted for selling whiskey. Prior to the trial he applied to the trial court for a bill of particulars and the same was denied. We held the ruling erroneous and in part said: ' * * * If he is innocent it is possible for him to prepare his case; he must simply wait until he hears the witness for the state, and then content himself with a denial. If by some chance a witness is at hand to prove that the state witness was in error as to the particular transaction, the state may call upon the same witness, or another, to testify as to a transaction upon another date, at a different place and with another person. The ease with which such evidence can be procured, the difficulty of proving the perjury when committed, the facility with which this method of revenge may be utilized by wickedly disposed persons to subject an enemy to trouble, expense, and disgrace, or by unscrupulous persons as a means of livelihood, seems to us to imperatively demand the granting of a motion for a bill of particulars when seasonably made, to the end that the defendant may be fully advised of the nature and cause of the accusation against him; that he may have an opportunity to prepare his defense, and that the machinery of the courts may not be utilized by unscrupulous persons to bring about the humiliation and disgrace of a personal enemy, or by designing persons as a means of acquiring revenue by furnishing evidence for conviction. In cases where the corpus delicti may be shown in many ways a denial of a bill of particulars may not entail such harmful consequences to the defendant, and the *17 court’s discretion may not be disturbed; but where the time, place, and circumstances of an alleged crime rest for proof only in the breast, mind, or imagination of a single witness or set of witnesses, the defendant would seem to be entitled to the protection which a bill of particulars affords against the possibility, not to say probability, of a miscarriage of justice. * * * 3 Í9
The Judgment is reversed and a new trial awarded.
KANNER, Acting C. J., and ALLEN, J., concur.