HOBSON, Judge.
This is a timely appeal from a judgment pursuant to a jury trial adjudging the appellant guilty of manslaughter and a sentence of five years in the state prison.
On January 16, 1964, Regina Ann Burle-son was found dead in Lee County, Florida. On October 18, 1965, the state’s attorney filed an information charging the appellant together with his wife, Judy Burleson, with the crime of manslaughter as the result of the child’s death. Carl Burleson is the sole appellant in this appeal.
On November 3, 1965, a motion to quash the information and a motion for a bill of particulars was filed by the defendant.
On November 19, 1965, these motions were denied but the State was required to supply the date of death in.the information. The case came on for trial on November 22nd and November 23rd 1965 and on November 23, 1965 the jury returned a verdict finding the defendant guilty as charged.
Defendant assigns five points on appeal which he contends constitute reversible error. In consideration of our holding we deem it necessary to consider only defendant’s second point, to-wit: Did the court err in denying the defendant’s motion for a bill of particulars?
The information filed against the defendant stated that some time “ * * * *145 between the 1st day of January in the year of Our Lord One Thousand Nine Hundred and Sixty-Three and the 17th day of January, 1964, in the County and State aforesaid did unlawfully and feloniously by their act, procurement and culpable negligence, neglect, torture, torment, cruelly and unlawfully punish, unnecessarily chastise and mutilate their child and ward, to-wit: Regina Ann Burleson, a child under sixteen years of age and did thereby kill the said Regina Ann Burleson occurring as aforesaid on January 16, 1964.”
After defendant’s motion to quash the information as being insufficient had been denied, the defendant filed a motion for a bill of particulars requesting the following information:
“1. A specific date between January 1, 1963, and January 17, 1964 on which the Defendant did unlawfully and feloni-ously by his act, procurement and culpable negligence, neglect, torture, torment, cruelly and unlawfully punish, unnecessarily chastise and mutilate his child and ward, to-wit: Rigina (sic) Ann Burle-son.
2. Specifications and details showing the manner and means employed by the Defendant in killing the said Reginia (sic) Ann Burleson.
3. A more particular description in the manner in which the killing is charged to have been done.”
Defendant bottoms his request for a bill of particulars upon the fact that the information filed against him alleged that the child was killed by one of five means and the defendant was thereby caused to not only show for a period of more than one year that he did not do certain acts, but also that he did do certain acts.
Therefore, defendant concludes that by the court’s denial the defendant was forced to simply wait until he heard the witnesses for the state and then content himself- with a denial, or be prepared to show what he did not do as well as what he did do during this period and this placed an unreasonable burden upon the defendant and seriously hindered him in the preparation of his defense.
Florida Statute 906.07 F.S.A., provides that:
“906.07 Bill of Particulars
The court, on motion, may order the prosecuting attorney to furnish a bill of particulars, when the indictment or information fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense.”
After an exhaustive review of the question involved we conclude that the trial judge, in consideration of the specific facts herein, abused his discretion in denying defendant’s motion.
It is stated by our Supreme Court in the case of Winslow v. State, 1949, 45 So.2d 339, at page 340 as follows:
“The granting of a bill of particulars in a criminal case is not founded upon a legal right but is a matter resting within the sound discretion, depending entirely upon the nature and circumstances of each particular cáse, of the trial court.”
In the Winslow case, supra, the information charging the defendant alleged that the crime in question was committed on March 20, 1949. But in his opening statement to the jury the county solicitor stated in part: “We fixed the date when it happened as sometime between March 11th, we’ll say, and March 31st.” Defendant’s counsel thereafter moved for a bill of particulars which motion was denied. On appeal, in reversing the trial court’s refusal to grant a bill of particulars, the court made the following observations at page 341:
“The appellant contended that he was helpless in defending the charge during this period as he was without knowledge as to the time or place relied upon by the *146 prosecution and it was impossible for him to defend the twenty day period without a bill of particulars. There can be no doubt that the appellant was placed at a disadvantage in simply waiting to hear the witness for the prosecution testify and thereafter during the progress of the trial prepare his defense.”
Therefore the court held that defendant was not required to prepare a defense for a period consisting of some twenty days. The defendant herein was forced to prepare a defense for a time period consisting of over one year.
The Winslow case, supra, cites the case of Thomas v. State, 1917, 74 Fla. 200, 76 So. 780, as authority for its holding. In the Thomas case the information charged the defendant with the illegal sale of whiskey on December 20, 1916 but went on to further allege that defendant “did unlawfully engage in and carry on the business of a dealer in liquor.” During the trial the state introduced several witnesses by which it sought to establish the fact of a sale of liquor by the defendant on dates between December 20, 1916, and two years prior to that date.
In reversing the trial court’s refusal to grant defendant’s motion for a bill of particulars the Florida Supreme Court stated the following on page 783:
"If, in a prosecution for the sale of intoxicating liquor in a county which had voted against such sale, the state was confined to proof of the particular sale alleged upon the date alleged, there would be no need of a bill of particulars; but where one date is alleged and another within two years prior may be proved to sustain the charge, there can be no doubt that the defendánt is put to a disadvantage which may amount to a denial of justice. If he is innocent it is impossible for him to prepare his "case; he must simply wait until he hears the witness for the state, and then content himself with a denial. If by some chance a witness is at hand to prove that the state witness was in error as to the particular transaction, the state may call upon the same witness, or another, to testify as to a transaction upon another date, at a different place and with another person. The ease with which such evidence can be procured, the difficulty of proving the perjury when committed, the facility with which this method of revenge may be utilized by wickedly disposed persons to subject an enemy to trouble, expense, and disgrace, or by unscrupulous persons as a means of livelihood, seems to us to imperatively demand the granting of a motion for a bill of particulars when seasonably made, to the end that the defendant may be fully advised of the nature and cause of the accusation against him; that he may have an opportunity to prepare his defense; and that the machinery of the courts may not be utilized by unscrupulous persons to bring about the humiliation and disgrace of a personal enemy, or by designing persons as a means of acquiring revenue by furnishing evidence for conviction. In cases where the corpus delicti may be shown in many ways a denial of a bill of particulars may not entail such harmful consequences to the defendant, and the court’s discretion may not be disturbed; but where the time, place, and circumstances of an alleged crime rest for proof only in the breast, mind, or imagination of a single witness or set of witnesses, the defendant would seem to be entitled to the protection which a bill of particulars affords against the possibility, not to say probability, of a miscarriage of justice.” (Emphasis added)
Similarly in a more recent case this court reversed the refusal of the trial judge to grant a motion for a bill of particulars wherein the information alleged in part that the crime in question was committed “on the 1st day of October, 1960, and divers other times between October 1, 1960 and June 30th in the year of Our Lord, One Thousand Nine Hundred and Sixty-One.” *147 See Daniel v. State, Fla.App.1963, 156 So. 2d 14.
In consideration of the rationale and holdings in the cases set forth above, it is clear that the trial court abused its discretion in not granting defendant’s motion for a bill of particulars. The judgment is reversed and a new trial granted.
LILES, Acting C. J., and LENFESTEY, JAMES A., Associate Judge, concur.