SORONDO, J.,
(concurring).
I fully agree with the majority opinion. I write separately to expand on the elements of this case which establish clearly that the defendant was in no way prejudiced by the de minimis discrepancy between the time listed in the state’s statement of particulars and the evidence presented at trial.
Florida Rule of Criminal Procedure 3.140(n), reads as follows:
The court] on motion, shall order the prosecuting attorney to furnish a statement of particulars when the indictment or information on which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable the defendant to prepare a defense. The statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney, including the names of persons intended to be defrauded. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant.
(Emphasis added). In this case, the defendant did not file a motion for statement of particulars making specific requests. Instead, he filed a boilerplate pleading entitled, “Written Plea of Not Guilty and Demand for Jury Trial, Bill of Particulars, and Notice of Discovery.”[2] The pleading reads, in pertinent part, as follows: *132 It seems dear that such a “demand,” making no specific request for information, sought nothing more than the date and place addressed by the rule. Beyond date and place, the prosecutor would be required to supply only “all other material facts of the crime charged that are specifically requested ...Fla. R.Crim. P. 3.140(n)(emphasis added). It is therefore important to understand from the outset that the defendant never requested the specific time at which the offense he was charged with occurred. Because he did not ask for the specific time, it must be presumed that the charging document was sufficiently clear on this issue to allow the defendant to prepare his defense. As the trial transcript clearly demonstrates, the state’s ten minute discrepancy was totally irrelevant to the defendant’s defense. Nevertheless, although not requested by the defendant and not required by the rule, the state supplied a specific time at which the offense had occurred — 10:40 p.m.
*131 Defendant ... hereby pleads not guilty to the charges, demands trial by jury and demands that the [State] do the following acts:
1. File a written Bill of Particulars pursuant to Florida Rules of Criminal Procedures, Rule 3.140(n).
*132 At trial, one police officer testified that the drug transaction at issue occurred between 8:00 p.m. and midnight, and a second officer testified that it occurred at “approximately” 10:30 p.m. At the conclusion of the state’s case the defendant moved for a judgment of acquittal arguing that neither officer’s testimony established the time of the offense as 10:40 p.m. and, consequently, “... no reasonable juror could find [the defendant] guilty based on the evidence presented in the way the case was charged in the bill of particulars.” No allegation of prejudice was made. The motion was denied.
In summation, defense counsel argued that the investigation conducted by the police was extremely sloppy and the evidence far too sketchy to satisfy the state’s heavy burden of proving the charges beyond a reasonable doubt. He chastised the state for not having the transaction video or audio recorded,[3] for not having the defendant’s fingerprints on the contraband and for what he argued were significant inconsistencies in the officers’ testimony. Summarizing his position at the conclusion of his closing argument defense counsel said to the jury:
There is too much lack of evidence and there is too much conflict in the evidence and this much stuff just doesn’t add up and make sense. Thank you.
In light of the defense asserted by the defendant, it is clear that the ten minute discrepancy between the time alleged in the state’s bill of particulars and the evidence adduced at trial was totally insignificant and did not prejudice the defendant in any way.[4]

. I note that although a defendant has the absolute right to "demand” trial by jury, see Art. 1, § 16(a), Fla. Const.; U.S. Const, amend. VI, he has absolutely no right to "demand” a bill of particulars. The rule clearly indicates that a statement of particulars shall be ordered only upon motion and when the charging document "fails to inform the defendant of the particulars of the offense sufficiently to enable the defendant to prepare a defense.” Fla. R.Crim. P. 3.140(n). The rule therefore contemplates the filing of a motion and a judicial determination of need due to a lack of specificity in the charging document. See Winslow v. State, 45 So.2d 339, 340 (Fla.1949).

. Although the police attempted to video and audio record the events, the video camera shut down and the audio recording was inaudible.

. This was the only assignment of error in what the record reveals to have been an immaculately fair trial.