STATE OF FLORIDA ex rel. J. BERTRAM JOHNSTON and NELL F. JOHNSTON, his wife, v. LESLIE BESSINGER, as Sheriff of Pasco County, Florida.

21 So. (2nd) 343                           January Term, 1945
March 13, 1945                                      En Banc

*W. Kenneth Barnes,* for appellants.
*Clyde H. Lockhart,* for appellee.

BUFORD, J.:

In 1927 the Legislature, at its regular session, enacted Chapter 13,250 the title of which is as follows:

"An Act to Make It Unlawful for Livestock to Run or Roam at Large in Certain Portions of Pasco County, Florida; Providing for the Impounding and Sale of such Livestock so Running or Roaming at Large; Providing That Persons Damaged By Such Livestock Running or Roaming at Large May Recover Damages Therefor; and Providing for a Local Option Election."

The pertinent part of the Act here under consideration are:

"Sec. 4. That it shall be unlawful for any livestock to run or roam at large within that portion of Pasco County, Florida, herein defined as 'local option territory', from and after the expiration of a period of six months after the holding of the election hereinafter provided for, unless the result of said election is in favor of such stock so running and roaming at large."

Section 11, as follows:

"Sec. 11. It shall be the duty of the County Commissioners of Pasco County, Florida, upon the petition in writing of twenty-five percent of the qualified voters residing within the local option territory described in Section 2 of this Act, to call an election in not less than thirty days nor more than ninety days after receiving such petition, submitting

the question to the qualified voters of the territory described in Section 2 of this Act as local option territory as to whether or not livestock as defined in this Act shall or shall not run or roam at large within the said territory; and that at such election the County Commissioners shall provide a proper ballot to be voted upon by the residents in said territory and shall appoint inspectors for said election and, upon canvassing the vote so cast, and if a majority of the votes so cast be against livestock runing or roaming at large in said territory, said County Commissioners shall so declare the said vote and thereafter livestock as herein defined shall not be permitted to run or roam at large."

Section 12, as follows:

"Sec. 12. Any clause or section of this Act which for any reason may be declared invalid may be eliminated from this Act, and the remaining portion or portions thereof shall be and remain in force and validity as if such invalid clause or section had not been incorporated therein."

Section 13, as follows:

"Sec. 13. As to that part of the territory herein described as 'free range territory' and 'no fence territory' this Act shall take effect upon its passage and approval by the Governor, or upon its becoming a law without such approval. As to that part of the territory herein defined as 'local option territory' this Act shall become operative at the expiration of six months from the date on which the qualified electors therein by affirmative vote decide against the running and roaming at large of livestock as herein defined. That before any of the provisions of this Act relating to Local Option Territory shall take effect the Board of County Commissioners of Pasco County shall, at the expense of said County, erect a suitable fence, and all necessary cattle guards across public roads and bridges so as to prevent the intrusion or passing of any livestock from an open range territory into a closed range territory, and likewise between any portion of an adjoining County to Pasco County that is open or free range territory."

Pursuant to the provisions of the Act an election was held, the result of which was in favor of the provisions of the Act being enforced in the Local Option Territory.

Thereafter, the County Commissioners advertised for bids for the furnishing of material with which to build a contemplated fence. A taxpayer instituted injunction suit to prevent the expenditure of public funds for this purpose and the injunction was granted on the theory that the title to the Act was not sufficient to give notice of the provisions contained in the body thereof for the building of the fences required by Section 13. This conclusion, we think, was correct.

On August 2, 1944, relators impounded a cow running at large within the Local Option area. They gave notice required by the statute to the sheriff of such impounding of the cow and in such notice, in conformity with the provisions of the Act, required the sheriff to advertise for sale the said cow. The sheriff accepted the notice but declined to make the sale, his contention being that the Act as far as it applied to the Local Option Territory had never become effective and enforceable because of the failure of the County Commissioners to build the fences required by Section 13 of the Act. Thereupon, relators instituted mandamus proceedings against the sheriff to require him to advertise and sell the impounded cow. The sheriff answered the alternative writ of mandamus setting up failure of the County Commissioners to build the fence required by Section 13 of the Act and, on hearing after due notice, on motion for peremptory writ, notwithstanding the return, the Court entered its order sustaining the return and dismissing the proceeding. From this order appeal was taken here.

It is readily seen that the last sentence in Sec. 13, if read literally, is in direct conflict with the preceding sentence of the same section and with the latter part of Sec. 11 and with Sec. 4 of the Act, all three of which declare that the Act shall become effective from and after the expiration of a period of six months after the holding of the election provided for in the Act.

In the case of Sams, et al., v. King, et al., 18 Fla. 557, it was held:

"Where the last clause of one section of a statute is plainly inconsistent with the first portion of the same section and with another preceding section of the statute, and this sec-

tion and part of section conform to the obvious policy and intent of the Legislature, the last clause, if operative at all, must be so construed as to give it an effect consistent with the other section and part of section with the policy they indicate. Hence, the last clause of Section 63, Chapter 1976, Laws, which provides that 'the validity of any sale for taxes under this Act, or of any title acquired by, through or under such sale, shall only be affected or questioned by alleging and proving that the property sold was not subject to taxation, or that the taxes had been paid before such sale, or that the property so sold had been redeemed according to law,' must be so construed as not to repeal the law insofar as it provides that until one year after the recording of the tax deed it shall be only *prima facie* evidence of regularity and title." (Sections 60 and 63, Chapter 1976, Laws).

To the same effect was the opinion in Hall v. State, 39 Fla. 637, 23 So. 110. See also Goode v. State, 50 Fla. 45, 39 So. 461 and Bryan v. Landis, 106 Fla. 119, 142 So. 650. The latter cases also enunciated the doctrine that when possible every part of an Act should be given effect.

So, while it is true that Sec. 13 was not sufficient to authorize the County Commissioners to build the fences contemplated, we think that it was sufficient to effectuate its apparent purpose, which was to prevent the provisions of the Act being enforced in the Local Option area as against cattle straying in from the outside area unless and until such fence should be provided for and built. Applying the rule of construction above set forth, we must hold that this part of Sec. 13 being in conflict with the other provisions referred to, cannot take precedence over those previously enacted provisions and thereby defer the operation of the Act to a time when fences should be constructed, and this is necessarily true when we take into consideration the fact that no effective provision was made in the Act for the construction of such fences.

Having reached this conclusion, it follows that our holding must be that the Act became effective as against all livestock generally kept within the Local Option area at the end of the six months period after the election. When the Act is thus construed the case is ruled by the opinion and judgment in the

case of Harris, et al., v. Baden, Sheriff, 154 Fla. 373, 17 So. (2nd) 608, and cases there cited.

If we had found ourselves unable to give the latter part of Section 13 the construction which we have given, it would be necessary for us to hold that part of the section invalid and of no effect and thereupon give effect to Section 12 of the Act and under the provisions of that Section hold the remaining provisions of the Act valid and enforceable, which would have resulted in the same disposition of this suit.

For the reasons stated, the judgment is reversed and the case remanded with directions that peremptory writ issue.

It is so ordered.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS and SEBRING, JJ., concur.

ADAMS, J., dissents.