**MARION F. JOHNSON, v. STATE OF FLORIDA**

27 So. (2nd) 276                    June Term, 1946
July 9, 1946                          Division A
Rehearing denied Sept. 13, 1946

*W. D. Bell, R. Percy Jones* and *E. M. Magaha,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

The appellant being informed against by an information in three counts, each count charging violation of Section 849.09 Florida Statutes, 1941, (same F.S.A.), was tried and convicted under each of the three counts of the information.

On hearing for motion for new trial the court denied the motion as to the conviction under counts 1 and 2 of the information but granted the motion as to the third count on the ground "that the verdict is not sustained by the proof." The third count of the information charged that Marion F. Johnson on the 28th day of July, 1945, in Lee County, Florida, "did unlawfully and feloniously have in his possession lottery tickets commonly known as bolita tickets, which said lottery was for money and which lottery tickets represented an interest in a lottery scheme or device not yet played." There was no evidence that the accused had in his possession lottery tickets at the time alleged in the information. The judgment of the court was as follows:

"You having been tried by a jury and convicted of the crime of Conducting a Lottery, as charged in the first and second counts of the information on file herein, the court therefore adjudges you to be guilty of the crime of Conducting a Lottery, as charged in the first and second counts of the information on file herein, it is therefore the judgment of the court and the sentence of the law that you, Marion F. Johnson, for your said offense, do be confined by imprisonment at hard labor in the State Prison of the State of Florida, for a period or term of eighteen (18) months, on each of said counts, to run concurrently."

Prior to trial, defendant, through his counsel, filed motion to quash the information. A part of the motion to quash attacked the sufficiency of the information upon the following ground:

"1. Each count of the information is vague, indefinite and uncertain and does not sufficiently apprise the defendant

of the nature and cause of the accusation against him to enable him to prepare his defense thereto or to protect him in case of an acquittal or conviction upon said count from again being put in jeopardy for the same offense.

"2. Each count of said information is duplicitous.

"3. Each count of said information is multifarious.

"4. Each count of said information fails to charge any offense punishable by the laws of the State of Florida.

"5. The third count of said information does not show that the lottery tickets were tickets in a live lottery or a lottery yet to be played.

"6. The information purports to contain three counts, charging the defendant with three separate and distinct offenses and is entitled and endorsed 'Information for conducting lottery' and the oath of the State Attorney thereto sets forth that 'the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true and which if true would constitute the offense therein charged.' whereas three offenses are attempted to be charged in said information and the oath of the prosecuting officer does not show to which offense the said oath refers."—and also challenged the validity of the information upon the grounds (a) that the information was based upon evidence procured under a purported search warrant issued upon an insufficient affidavit; (b) that the affidavit and search warrant were insufficient to justify the search of a dwelling house" in that they did not allege that the said premises were in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel or boarding or lodging house, or that same was being used for the unlawful sale, possession or manufacture of intoxicating liquors or that stolen or embezzled property was contained therein, as provided by Section 933.18 F.S.A.; wherefore the defendant charges that the said purported affidavit and purported search warrant were null and void and that the evidence obtained thereby was illegally obtained and in contravention of the constitutional rights of the defendant aforesaid, and that the evidence so used was used by the State of Florida, its officers and agents for the purpose of obtaining said information and that said information is

based upon said evidence so illegally obtained; for which reason defendant avers that the said information is null, void and of no force and effect, and prays the judgment of this court thereon in like manner as if he had pleaded in abatement or in bar of said prosecution and that said information be quashed"; (c) that the evidence upon which said information was based was obtained by the unlawful execution of a search warrant in "that officers and agents of the State of Florida in their efforts to serve said illegal warrant did break open the outer door of defendant's dwelling house, without giving due notice of their authority and purpose prior to their entry therein, as is required by Section 933.09 F.S.A., and that the said officers and agents of the State of Florida, in executing the said purported search warrant wilfully exceeded their authority, contrary to Section 933.17 F.S.A."; (d) because the information "is based upon evidence obtained by virtue of a purported search warrant isued upon a purported affidavit of Wilford C. Mathis, a deputy sheriff, for the search of the dwelling house of the defendant, in which it is alleged: 'affiant says further that the aforesaid Marion F. Johnson uses said dwelling house in part for business purposes, to-wit: the maintenance of an office for the practice of medicine wherein he practices said profession and also the operation of the aforesaid gambling and lottery business'; defendant avers that said purported affidavit was insufficient as a basis upon which to issue the purported search warrant, in that it erroneously assumes that an office for the practice of medicine is such a use as set forth in Section 933.18 F.S.A; and defendant further avers that the purported search warrant was not limited in its scope to the search of the said office of the defendant in said building and that the search and seizure conducted by virtue of said purported search warrant and the purported evidence obtained was outside the office of the defendant in his said dwelling house."

The pertinent part of the affidavit upon which the search warrant issued is as follows:

"Before me, Hiram W. Bryant, the County Judge in and for the County of Lee and State of Florida, personally came Wilford C. Mathis, a deputy sheriff of Lee County, Florida, who

being by me first duly sworn deposes and says that he believes and has good reason to believe that in the dwelling house of Marion F. Johnson, located at 1125 West Second Street, at the corner of West Second Street and Broadway, in the city of Fort Myers, Lee County, Florida, said premises also known as the office and residence of the said Marion F. Johnson, gambling and lottery for money are being conducted by the said Marion F. Johnson and persons whose names are to the affiant unknown, contrary to the laws of the State of Florida; and that the said premises are being used for the operation of a gambling room and the conducting of a lottery for money, contrary to the laws of this State; and that the affiant's reason for his belief is that he has within the past week, in the course of an investigation conducted by him as a deputy sheriff, seen a number of persons both white and colored purchasing shares or rights in a lottery for money not yet played in said building and that he has also seen, within the past week and in the aforesaid building, persons selling to other persons shares or rights in a lottery for money not yet played and that he has seen on said premises and he has learned from the aforesaid investigation that there are on said premises gambling implements, lottery implements, lottery tickets, lottery tally sheets and records containing the lottery numbers or shares purchased by customers together with the name or the initial of the customer purchasing said lottery number or share and that affiant has information from other persons that unlawful wagering, betting and a lottery for money is actually being conducted within the said building. Affiant says further that the aforesaid Marion F. Johnson used said dwelling in part for business purposes, to-wit: the maintenance of an office for the practice of medicine, wherein he practices said profession and also the operation of the aforesaid gambling and Lottery business.''

The pertinent part of the search warrant is as follows:

''WHEREAS, Wilford C. Mathis, has this day made oath before me that he has probable cause to believe and does believe that in the dwelling house of Marion F. Johnson, located at 1125 West Second Street, at the corner of West Second street and broadway, in the City of Fort Myers, Lee County,

Florida, said premises also known as the office and residence of the said Marion R. Johnson, gambling and a lottery for money are being conducted by the said Marion F. Johnson and persons whose names are to the affiant unknown, contrary to the laws of the State of Florida; and that the said premises are being used for the operation of a gambling room and the conducting of a lottery for money, contrary to the laws of this State.

"THESE ARE, therefore, to command you, with proper and necessary assistance, in the daytime, in the dwelling house of the said Marion F. Johnson, located at 1125 West Second Street, at the corner of West Second Street and Broadway, in the city of Fort Myers, Lee County, Florida, in the County aforesaid, there to diligently search for the same gambling implements, lottery implements, lottery tickets, lottery tally sheets and records containing the lottery numbers or shares purchased by customers, together with the name or initial of the customer purchasing said lottery number or share, used for the purpose of gaming and gambling or the operation of a lottery, or any part thereof, and that if the same shall be found upon such search, that you bring the said goods so found and also the bodies of the said Marion F. Johnson and of the persons found to be operating said place, before me to be disposed of and dealt with according to law."

Motion to quash was denied.

On the trial defendant moved to suppress the evidence obtained under the search warrant on like grounds of those which were presented and urged in his motion to quash. The court heard the evidence pertinent to the motion in the absence of the jury and denied the motion to suppress the evidence.

The defendant has presented six questions which he urges for our consideration, as follows:

"Question One:

"The information charged in three counts the offense of conducting a lottery as denounced by Section 849.01 F.S.A. and upon this information the defendant was convicted; the court reversed the verdict as to the third count for lack of evidence and adjudged the defendant guilty of the offense of

conducting a lottery upon the first and second counts and sentenced him upon each count; Is the judgment and sentence of the court valid, there being but one offense charged in the information?

"Question two:

"Did the Lower Court deny to the defendant due process of law in violation of Section 12 of the Declaration of Rights of the Constitution of Florida, and Section One of the Fourteenth Amendment to the Constitution of the United States, by denying him the right to be heard upon the factual grounds stated in his motion to quash the information?

"Question Three:

"It being shown by the evidence that at the time of the search of the house of the defendant it was his private dwelling, occupied as such, and that it was not being used for the unlawful sale, possession or manufacture of intoxicating liquor and that no stolen or embezzled property was contained therein and that no part of it was used for some business purpose, such as a store, shop, saloon, restaurant, hotel, boarding or lodging house; was it reversible error for the court to admit over the objection of the defendant the evidence procured by reason of such search of the dwelling of the defendant?

"Question Four:

"It being shown by a preponderance of the evidence that the officer executing the search warrant broke open an outer door of defendant's dwelling house to execute said warrant, without giving due notice of his authority and purpose, was it reversible error for the court to admit in evidence the articles procured by said search, over the objection and exception of the defendant?

"Question Five:

"Did the court commit reversible error by refusing to determine the admissibility of evidence upon defendant's objection thereto in his motion to suppress and in his objections at the trial and by submitting the question of the admissibility of such evidence to the jury?

"Question Six:

"Was each count of the information in this case sufficient to withstand defendant's motion to quash?"

We will discuss the several questions in the order in which they appear.

As to Question One:

It is well settled that the information here under consideration charged only one offense, but charged in separate counts the commission of that offense by different acts. See Bueno v. State, 40 Fla. 160, 23 So. 862; Jarrell v. State, 135 Fla. 736. 185 So. 873.

It is the contention of appellant that the sentence imposed by the court, supra, is invalid because the court imposed two separate sentences upon the conviction of only one offense. The peculiar wording of the judgment is "that you, Marion F. Johnson for your said *offense* do be confined by imprisonment at hard labor in the State Prison of the State of Florida for a period of eighteen (18) months, on each of said counts, to run concurrently." (emphasis supplied).

So it is that the judgment of the court in this case was that the defendant was guilty of the crime of conducting a lottery, one offense, and thereupon sentenced the defendant to be confined by imprisonment at hard labor in the state prison of the State of Florida for a period of eighteen (18) months. The words "on each of said counts, to run concurrently" added nothing to the judgment; nor did those words subtract anything from the judgment. Therefore, those words as used in this particular judgment may be deleted as surplusage and they are so considered.

This holding does not conflict with what we held in Simmons v. State, 151 Fla. 778, 10 So. (2nd) 436. In that case the defendant was charged with two offenses committed by one and the same act. The first count charged him with assault with intent to commit rape and the second count with attempting to have carnal intercourse with an unmarried female under the age of 18 years of previous chaste character. It was charged in the latter that the attempt consisted of an assault on the female. So a conviction under the first count

would have barred a prosecution under an information in the language of the second count, while an acquittal of the charge contained in the first count would not have necessarily barred a prosecution under an information in the language of the second count. The first count in that case charged an offense of a higher grade than that charged in the second count. This was recognized by the court in that case as is apparent from the judgment which read "Therefore, you having been convicted by a jury, the court adjudges you to be guilty of the *said offenses.*" (emphasis supplied.) Whereupon he was sentenced to be imprisoned by confinement at hard labor in the State Prison for a period of ten (10) years on the first count of the information and to be imprisoned by confinement at hard labor in the State Prison for a period of five (5) years on the second count of the information, sentences to run concurrently.

We affirmed the judgment based upon the conviction of the offense charged in the first count of the information and remanded the cause with instructions that the sentence for the offense charged in the second count of the information be set aside.

In that case there were two separate sentences pronounced while in this case there was only one sentence and judgment of conviction of only one offense. So we must determine whether the court by its judgment really sentenced the defendant to serve eighteen (18) months imprisonment or to serve thirty-six (36) months imprisonment for the offense of which he stood convicted. our conclusion is that one eighteen (18) months sentence is all the judgment imposed.

As to Question Two:

Our Study brings us to the conclusion that the defendant attempted to combine his motion to quash grounds which are now available and which would have been available in a motion to quash prior to the enactment of the Florida Criminal Procedure Act together with grounds which prior to that time would have been available under a plea in abatement. The information on this case was not vulnerable on its face to the attack made upon it by that part of the motion to quash which

challenged the sufficiency of its form and substance. See Jarrell v. State, 135 Fla. 736, 185 So. 873.

We, therefore, must determine whether or not the allegations of the motion were sufficient to show the illegality of the information and, to determine this question, we should apply to those allegations the same rule which prior to the enactment of Chapter 19554, being Florida Criminal Procedure Act, would have been applied to test the sufficiency of a plea in abatement.

The legality of an indictment or information may not be challenged by plea in abatement or motion to quash alleging that the indictment or information is based on insufficient evidence to warrant the action of the grand jury in returning the indictment, or the action of the prosecuting officer in presenting the information, as the case may be. See Richardson v. State, 100 Fla. 835, 130 So. 718; Prevatt v. State, 135 Fla. 226, 184 So. 860.

To hold otherwise would result in the absurdity of allowing a defendant to have a jury trial first on the question of the legality and sufficiency of the evidence to constitute the basis for the charge and then another jury trial to determine the legality and sufficiency of the evidence to support a conviction of the charge so made. No error is reflected in this regard.

Questions 3 and 4 have their genesis in defendant's motion to suppress certain evidence which was secured and produced as the result of a search and seizure by the sheriff and which consists of certain gambling paraphernalia or gambling equipment found in the residence in which the defendant also had his office.

The motion to suppress challenged the legality of the evidence on the grounds (1) that the search warrant and affidavit upon which it was based were not issued upon probable cause; (2) that the search warrant does not particularly describe the person and things to be seized; (3) that the search warrant was invalid because it was issued for the search of the private dwelling house of the defendant and that such dwelling house was not at the time of the search being used for the unlawful possession or manufacture of intoxicating liquors and no stolen or embezzled property was

contained therein and the said dwelling house was not being used for business purposes such as a store, shop, saloon, restaurant, hotel or boarding or lodging house; (4) that the evidence secured was procured by the officers and agents of the State of Florida illegally breaking into said dwelling house without due notice of their authority and purpose and that the officers and agents of the State of Florida entered the dwelling house without such due notice of their authority and purpose and searched the same and seized the papers, property and effects sought to be used in evidence before they had served the pretended search warrant on defendant. (5) That the affidavit upon which the search warrant was based shows upon its face that it was issued solely for the purpose of procuring evidence against the defendant. (6) That the dwelling house of the defendant was immune from search and seizure under the statutes and laws of the State of Florida and particularly Sec. 933.18 Fla. Statutes 1941 (same F.S.A.) for the same reasons stated in grounds 3 and 4 of the motion.

It will be seen from the pertinent parts of the affidavit and search warrant hereinbefore set forth that it was specifically stated in the affidavit and in the warrant that the place sought to be searched was the dwelling house of Marion F. Johnson located at 1125 West Second Street at the corner of West Second Street and Broadway in the City of Fort Myers, Lee County, Florida, and that the articles for which the search was authorized were gambling implements, lottery implements, lottery tickets, lottery tally sheets and records containing the lottery numbers of shares purchased by customers, together with the name or initials of the customer purchasing said lottery number or share, used for the purpose of gaming or gambling or the operation of a lottery or any part thereof. The said warrant also, in event that such paraphernalia should be found upon search, authorized the arrest and production of the body of Marion F. Johnson and of the persons found to be operating said place and to bring them before the magistrate who issued the warrant.

The affidavit is sufficient to authorize the search of the dwelling house which was searched under the provisions of paragraph 2 of Sec. 933.18 Fla. Statutes 1941 (same F.S.A.).

It is the contention of appellant that the second paragraph of this section is of no force and effect because it is in conflict with the first paragraph of the section. We cannot follow this reasoning because it is well settled rule of construction that the last expression of the legislative will is the law in cases of conflicting provisions in the same statute or in different statutes the last in point of time or order of arrangement prevails. See 59 C.J. 999 and authorities there cited. There are exceptions to this rule, as pointed out in Sams v. King, 18 Fla. 557; Hall v. State, 39 Fla. 637, 23 So. 119; State v. Bessinger, 155 Fla. 730, 21 So. (2nd) 343. In each of these cases it was held in effect that where the last sentence in one section of a statute is plainly inconsistent with the preceding sections which conform to the legislature's obvious policy and intent such last sentence, if operative at all, must be so construed as to give it effect consistent with such other sections and part of sections and with the policy they indicate. The last paragraph of Sec. 933.18, supra, is more nearly consistent with other sections of the same chapter than is the first paragraph of this section. See sub-paragraph (b) of Sec. 933.02 and Sec. 933.07 Fla. Statutes 1941 (same F.S.A.). This paragraph of Sec. 933.18 is also in perfect harmony with Sec. 22 of the Declaration of Rights of the Florida Constitution.

So our conclusion is that insofar as the provisions of the second paragraph of Sec. 933.18, supra, conflict with the provisions of the first paragraph thereof, the provisions of the second paragraph prevail. It, therefore, follows that we hold the affidavit sufficient as a basis for the warrant and the warrant sufficient as authority for the search and seizure thereunder.

Aside from the challenge of the sufficiency of these documents there was two allegations of fact going to the legality of the search and seizure. The first of these allegations was that the dwelling house authorized to be searched by the warrant was broken and entered by the sheriff without his first having given notice that he was armed with a search warrant and intended to search the house for gambling paraphernalia. The other was that he made the search and seizure without serving the warrant on Marion F. Johnson. The court heard

testimony pro and con as to these allegations. The testimony was conflicting but the court determined that the allegations were not sustained by proof. The court had the benefit of seeing the witnesses face to face and was in a better position than are we to judge who was and who was not telling the truth and it was the court's province to determine this and the court, exercising its powers and judicial discretion in this regard evidently reached the conclusion that the sheriff and those witnesses who supported his version of the transaction were telling the truth and that there was no breaking and entering of the house but the entry was peaceable and without breaking and also that the search warrant was read to Marion F. Johnson and a copy of it delivered to him inside the house before any search or seizure was made.

We find nothing that will justify us in reversing his order denying the motion to suppress the evidence.

What we have heretofore said is sufficient to dispose of questions 5 and 6.

No reversible error having been made to appear, the judgment as construed herein should be affirmed.

It is so ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.