QUESTIONS: 1. Is residence in the county where a marriage license is issued a prerequisite to the issuance of same, assuming all other requirements for its issuance are met? 2. May a license to marry be issued where it appears that either or both parties to the proposed marriage are not citizens of the United States, assuming other requirements for its issuance are met?
SUMMARY: Residence in the county is not a requirement or prerequisite to the issuance in Florida of a license to marry. Citizenship in the United States is not a prerequisite to the issuance in Florida of a license to marry. The answer to the first question is in the negative. For a period next previous to July 1, 1974, s. 741.01, F.S., authorized the issuance of a license to marry "in the county wherein the woman resides." Section 741.01, F.S., was rewritten in 1974 by Ch. 74-372, Laws of Florida, which became effective July 1, 1974, upon approval of the Governor on that day. Section 741.01, as rewritten, does not contain the quoted words set forth above. The omission of words from a rewritten provision of statutory law constitutes a repeal of the law to the extent of the omitted portion. This type of repeal, as distinguished from outright repeal by apt words, is referred to as a repeal by implication. State v. Atlantic C.L.R. Co., 47 So. 969
(Fla. 1908). The doctrine of repeal by implication rests upon the ground that the last expression of the legislative will ought to control. Johnson v. State, 27 So.2d 276 (Fla. 1946). It is interesting to note that the 1974 Legislature enacted legislation involving s. 741.01, F.S., at an earlier day in the session, viz.: Ch. 74-3, Laws of Florida. This last-mentioned chapter, however, was expressly repealed by s. 2 of Ch. 74-372, aforesaid. Section 741.01, F.S., as it appeared in Ch. 74-3, enacted and repealed as aforesaid, indicated by underlining an unmistakable intention of the 1974 Legislature to omit the words "in the county where the woman resides." Thus, there can be no valid question of the fact of repeal. You are advised, therefore, that residence in the county where the license is to be issued is no longer a requirement for the issuance of a license to marry, even for the woman of the marriage. The answer to the second question is in the affirmative. Section 741.01, F.S., as the same appears in Ch. 74-372, Laws of Florida, reads as follows: Every marriage license shall be issued by a county court judge or clerk of the circuit court, under his hand and seal. Said county court judge or clerk of the circuit court shall issue such license, upon application therefor if there appears to be no impediment to the marriage. The county court judge or clerk of the circuit court shall
collect and receive a fee of two dollars ($2) for receiving the application for the issuance of a marriage license. A close reading of all sections of law relating to the issuance of a license to marry fails to show any restrictions made to its issuance by a lack of citizenship.