Wayne Mixson Chairman House Committee on Agricultural and General Legislation Tallahassee
QUESTION:
Does Ch. 77-61, Laws of Florida, require a supplier or vendor of fresh or frozen beef or imported beef to certify on an invoice that such beef complies with the requirements contained therein and is domestic or does Ch. 77-61 authorize the purchase by public agencies of imported beef which complies with Ch. 77-61, without certification that it is domestic?
SUMMARY:
Chapter 77-61, Laws of Florida, does not require a supplier or vendor of fresh or frozen imported beef to certify that such beef is domestic. The act does require such supplier or vendor to certify that fresh or frozen beef or imported beef complies with the provisions of s. 585.3401, F. S. Public agencies enumerated in Ch. 77-61 may purchase imported beef which complies with the requirements therein without certification that it is domestic.
According to your letter, Ch. 77-61, Laws of Florida, in its original form prohibited the purchase by public agencies of fresh or frozen beef imported from outside the United States. By amendments on the House floor, the act was modified to allow the purchase of imported fresh or frozen beef provided it has been inspected by and meets the standards set by the United States Department of Agriculture or the Florida Department of Agriculture for fresh or frozen beef produced in the United States.
However, during the amendatory process, an ambiguity was created in the last sentence of s. 1, Ch. 77-61. In its present form it provides:
 The supplier or vendor shall certify on the invoice that the fresh or frozen beef or imported beef which complies with the provisions of this subsection supplied is domestic.
The apparent conflict has arisen because it is obviously impossible for suppliers to comply with the statute by certifying imported beef as domestic. Government agencies and suppliers are uncertain as to their responsibilities under the act since it imposes personal liability upon any person who knowingly causes public funds to be spent in violation of the act's requirements.
It is a well-established rule of statutory construction that where the last sentence in one section of a statute is plainly inconsistent with preceding sentences of the same section and preceding sections which conform to the Legislature's obvious policy and intent, such last sentence, if operative at all, must be so construed as to give it effect consistent with such other sections and parts of sections and with the policy they indicate. Hall v. State, 23 So. 119 (Fla. 1897); Johnston v. Bessenger,21 So.2d 343 (Fla. 1945); Sharer v. Hotel Corp. of America,144 So.2d 813 (Fla. 1962). This rule constitutes an exception to the general rule that the last expression of the legislative will is the law and, in the case of conflicting provisions in the same statute or different statutes, the last in point of time or order of arrangement prevails. Compare State v. City of Boca Raton,172 So.2d 230 (Fla. 1965), and State v. City of Hialeah, 109 So.2d 368
(Fla. 1959), with Johnson v. State, 27 So.2d 276 (Fla. 1946). In the instant case, it is apparent that the last sentence of s. 1, Ch. 77-61 set forth above is in direct conflict with the obvious purpose of the statute. The title to the act, which states that the act prohibits `. . . the purchase by public agencies of certain fresh or frozen beef for certain purposes. . . .' is consistent with the body of the act, as amended, which seeks to ensure that imported beef meet the requirements set forth therein. If read literally, the last sentence of s. 585.3401(1), F. S., would negate the remainder of the act since it would create a situation in which no imported beef could be accepted for consumption by certain designated agencies. It seems apparent that this result was neither desired nor intended by the Legislature when it amended Ch. 77-61, Laws of Florida. Accordingly, consistent with the rules of construction set forth above and the fundamental rule of statutory construction that statutes must be construed to give effect to rather than defeat legislative intent, [see American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938)] vendors or suppliers are not required to certify on invoices that fresh or frozen imported beef is domestic but are required to certify that such beef complies with the provisions set forth at s. 585.3401(1), F. S. Public agencies enumerated within the statute are authorized to purchase (and are not prohibited from purchasing) domestic or imported beef if inspected by federal or state agriculture officials and if in compliance with standards set by the federal or state agriculture department.
It should also be noted that this construction of Ch. 77-61, Laws of Florida, has apparently been adopted by the Division of Statutory Revision in the as yet unpublished Florida Statutes 1977. The Division of Statutory Revision in such statutes has by notation suggested the third sentence of s. 1, Ch. 77-61 be phrased:
 The supplier or vendor shall certify on the invoice that the fresh or frozen beef or imported beef [supplied is either domestic or complies with the provisions of this subsection].
Prepared by: Sharyn L. Smith, Assistant Attorney General