Bill Gunter State Treasurer and Insurance Commissioner Tallahassee
QUESTIONS:
1. Does s. 768.28, F. S., operate to waive sovereign immunity with respect to the activities of the Florida National Guard?
2. If the answer to question 1 is in the affirmative, to what extent is the waiver of sovereign immunity applicable in view of s. 250.31(1), F. S., which provides that: `Members of the organized militia who are in the active service of the state shall not be liable, civilly or criminally, for any lawful act or acts done by them in the performance of their duty'?
3. If the answer to question 1 is in the affirmative, is the state liable for damages and injuries resulting from the activities of national guardsmen while on training duty, as required by32 U.S.C. § 502?
SUMMARY:
The State of Florida has waived sovereign immunity with respect to the activities of the National Guard when ordered into active service of the state. Members of the National Guard shall not be civilly or criminally liable for lawful acts done in the performance of their duty while in active service. The state is not liable for the acts or omissions of the National Guard arising while it is engaged in training pursuant to federal law.
AS TO QUESTION 1:
It has long been the holding of the Florida Supreme Court that, under sovereign immunity, the state cannot be used for tort in absence of statutory consent. This doctrine of immunity operates also to an agency which serves as a state instrumentality. Bloxham v. Florida Central P.R. Co., 17 So. 902 (Fla. 1895); Hampton v. State Board of Education, 105 So. 323 (Fla. 1925); and Spangler v. Florida State Turnpike Authority, 106 So.2d 421 (Fla. 1958).
Section 13, Art. X of the State Constitution authorizes the Legislature to enact a provision by general law for bringing suit against the state. Pursuant to this authorization the Legislature enacted s. 768.28, F. S., which waives sovereign immunity for liability for torts committed by the state and its agencies and subdivisions subject to the procedure and limitations set forth therein. Since this statute is in derogation of the common law, it must be strictly construed. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 263 (Fla. 1977).
Section 768.28(2), F. S., defines state agencies and subdivisions to include
 . . . the executive departments, the Legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities.
The Florida National Guard is a part or portion of the militia provided for in s. 2, Art. X, State Const. Attorney General Opinion 069-11; cf. Advisory Opinion to Governor, 77 So. 87 (Fla. 1917). The Legislature has implemented this constitutional provision with the enactment of Ch. 250, F. S.
Pursuant to s. 250.07, F. S., the Florida National Guard consists of members of the militia and is within the Department of Military Affairs created by s. 250.05, F. S., which is an agency of state government composed of the military forces as provided by state law. See also s. 250.02(2), F. S., providing that the Organized Militia shall be composed of the National Guard and such other organized military forces as may be authorized by law.
Upon the orders of the Governor, the Florida National Guard may be called into active service `to preserve the public peace, execute the laws of the state, or respond to public disaster.' Section250.06(3), F. S. The Governor may authorize the Florida National Guard `to participate in any parade, review or other public exercise, or to serve for escort duty.' Section 250.06(4). Pursuant to s. 250.28, F. S., the Florida National Guard will be ordered to assist civil authorities under certain circumstances. Section 250.27, F. S., provides that troops ordered into the service of the state for the enforcement of the law, the preservation of the peace, or for the security of the rights or lives of citizens, protection of property, or ceremonies shall be deemed in the active service.
When ordered to active service of the state by the Governor on behalf of the state under the circumstances set forth in ss.250.06 and 250.28, F. S., the troops are paid by the state. Section 250.24, F. S. When the National Guard is not in federal service, the United States is not liable for injury or damage arising from their activities. 32 C.F.R. § 564.52(b). In AGO 071-163, my predecessor recognized that the National Guard performed in separate and distinguishable capacities when acting on behalf of the state and United States.
Therefore, the National Guard is a part of, or within, the Department of Military Affairs. In State v. Dickenson, 33 So. 514
(Fla. 1902), and State v. Florida State Improvement Comm.,47 So.2d 627 (Fla. 1950), the Florida Supreme Court held that the National Guard is an arm of state government. It thus appears clear that the Department of Military Affairs, including the National Guard, is within the express terms of s. 768.28(2), F. S.
AS TO QUESTION 2:
Section 250.31(1), F. S., provides:
 Members of the Organized Militia ordered into active service of the state shall not be liable, civilly or criminally, for any lawful act or acts done by them in the performance of their duty.
 As discussed previously, s. 768.28(1), F. S., allows suits in tort against the state or its agencies or subdivisions. See also v. 768.28(5). Section 250.31(1), F. S., serves to immunize the individual members of the Organized Militia, of which the National Guard is a component part, from civil or criminal liability for any lawful act done by them in the performance of their duty. That provision does not appear to apply to tortious or wrongful acts or omissions while in the course of performing lawful acts. Cf. s. 250.31(2), (3), and (4). That section applies mainly to those situations when the National Guard is called into active service of the state in times of emergency, public disaster, or civil disorders or imminent danger thereof. In any event, that statute does not purport to consent to suit against the state or to waive sovereign immunity for liability for torts.
Section 768.28(9), F. S., provides:
 No officer, employee, or agent of the state or its subdivisions shall be held personally liable in tort for any injuries or damages suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Subject to the monetary limitations set forth in subsection (5), the state shall pay any monetary judgment which is rendered in a civil action personally against an officer, employee, or agent of the state which arises as a result of any act, event, or omission of action within the scope of his employment or function.
Assuming, arguendo, that there is some overlap in the application of ss. 250.31(1) and 768.28(9), F. S., they are not in conflict and can operate with equal vitality. Even if there were a conflict, s. 768.28, with regard to waiver of sovereign immunity for torts, is the latest expression of the legislative will and will control. Sharer v. Hotel Corp. of America, 144 So.2d 813
(Fla. 1962).
AS TO QUESTION 3:
As previously pointed out, the United States is not liable for injury or damage arising from the activities of the National Guard when the guard is not in federal service. 32 C.F.R. § 564.52(b). Your question, however, is whether the state is liable for injury or damages arising when the National Guard conducts drills and field exercises required by 32 U.S.C. § 502.
Title 32 U.S.C. § 502 requires periodic training of the National Guard. When conducting such training, the National Guard is in the service of the United States. Cf. 42 U.S.C. § 715(a). Pursuant to the Federal Tort Claims Act (28 U.S.C. ss. 2671-2680), the United States has waived sovereign immunity with regard to tort claims. This waiver extends to the military departments and members of the military. 42 U.S.C. § 2671. (It may be noted that sovereign immunity has not been waived with regard to claims arising out of activities of the military during time of war. 28 U.S.C s. 2680[j].)
Therefore, it appears that, when the National Guard is engaged in training pursuant to 32 U.S.C. § 502, the United States is liable for injury or damages arising from the activities of the National Guard.
Implicit in s. 768.28, F. S., is that the action or omission by the state or its agencies or subdivisions must be within the scope of its lawful functions. When the National Guard is engaging in federal service, it is not acting within the scope of its lawful state function or the scope of the office, employment, or function of its members.
To summarize, therefore, it is my opinion that the State of Florida has waived sovereign immunity with respect to the activities of the National Guard when ordered into active service of the state. Members of the National Guard shall not be civilly or criminall liable for lawful acts done in the performance of their duty while in active service. The State of Florida is not liable for the acts or omissions of the National Guard arising while it is engaged in training pursuant to 32 U.S.C. § 502.
Prepared by:
Martin S. Friedman Assistant Attorney General