Mr. Mason Jackson President Broward County Juvenile Justice Board 2995 North Dixie Highway Fort Lauderdale, Florida 33334
Dear Mr. Jackson:
By unanimous vote of the Broward County Juvenile Justice Board, you ask my opinion on substantially the following questions:
(1) Does section 39.025(6), Florida Statutes, require the Broward County Juvenile Justice Board to reduce the number of its members?
(2) Are members of the board subject to the term limits imposed by section 39.025(6)(b)3., Florida Statutes?
In sum:
(1) Section 39.025(6)(b)1.b., Florida Statutes, permits the members of the former juvenile delinquency and gang prevention board of Broward County to continue to serve as the Juvenile Justice Board and does not require the board to reduce the number of its members.
(2) Members of the Broward County Juvenile Justice Board are subject to the term limitations contained in section 39.025(6)(b)3., Florida Statutes.
Question One
Section 39.025(6), Florida Statutes, creates a district juvenile justice board within each service district of the Department of Health and Rehabilitative Services (HRS). The statute requires that appointments to the initial board shall be "in a number equal to the county's appointments to the district health and human services board as provided in s. 20.19(8)."[1] Pursuant to section20.19(8), Florida Statutes, District X, which encompasses Broward County, has a board composed of fifteen members, with three at-large members appointed by the Governor and twelve members appointed by the Broward County Board of County Commissioners.
Section 39.025(6)(b)1.b., Florida Statutes, however, provides that:
In any judicial circuit where a juvenile delinquency and gang prevention council exists on the date this act becomes law, and where the circuit and district or subdistrict boundaries are identical, such council shall become the district juvenile justice board, and shall thereafter have the purposes and exercise the authority and responsibilities provided in this section.
A question has arisen as to whether the membership of the Broward County Juvenile Justice Board is limited to the number prescribed by section 20.19(8)(a)10., Florida Statutes, or whether section 39.025(6)(b)1.b., Florida Statutes, permits the board to retain the same number of members as the former juvenile delinquency and gang prevention board.
You have advised this office that Broward County is coterminous with both HRS District X and the Seventeenth Judicial Circuit. You also state that the Broward County Juvenile Justice Board was formerly the juvenile delinquency and gang prevention council with twenty-six members.
Section 39.025(6)(b)1.b., Florida Statutes, operates as an exception to the provisions of section 39.025(6)(b)1.a., Florida Statutes, which specifies the number of members for such juvenile justice boards. This exception, according to the information provided to this office, applies directly to the Broward County Juvenile Justice Board and, in my opinion, permits the number of members on the Broward County Juvenile Justice Board to remain the same as that of the former delinquency and gang prevention council. To read the statute otherwise renders the exception contained in section 39.025(6)(b)1.b. useless.[2]
Accordingly, I am of the opinion that section 39.025(6)(b)1.b., Florida Statutes, authorizes the Broward County Juvenile Justice Board to maintain its membership of twenty-six members.
Question Two
You have advised this office that term limitations have presented an additional concern for the membership of the board. As a fledgling delinquency and gang prevention council, the members apparently felt that consistency was as important as diversity on the council. Therefore, officers or designees of certain agencies or organizations were identified as permanent members.
Section 39.025(6)(b)3., Florida Statutes, provides:
In order to create staggered terms, the initial terms of members of the district juvenile justice board appointed by the county juvenile justice council in the most populous county of the district shall expire on June 30, 1994. The initial terms of members appointed by other county councils shall expire on June 30, 1995. Thereafter, all appointments shall be for 2-year terms. Appointments to fill vacancies created by death, resignation, or removal of a member are for the unexpired term. A member may not serve more than two full consecutive terms.
While section 39.025(6)(b)1.b., Florida Statutes, creates an exception to the composition of the membership of the juvenile justice boards prescribed in section 39.025(6)(b)1.a., Florida Statutes, nothing therein indicates an intent to exempt from the other requirements specified in subsection (6).[3] Thus, permanent membership on the Broward County Juvenile Justice Board would be precluded by section 39.025(6)(b)3., Florida Statutes; rather, the members of the Board would be limited to two full consecutive terms as prescribed in that section.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 39.025(6)(b)1.a., Fla. Stat. (1993).
[2] See, Sharer v. Hotel Corporation of America, 144 So.2d 813,817 (Fla. 1962) ("It should never be presumed that the legislature intended to enact purposeless and therefore useless, legislation").
[3] See, e.g., McKibben v. Mallory, 293 So.2d 48 (Fla. 1974), for the proposition that a statute must be construed in a way so as to effectuate legislative intent.