Eric Smith Chairman Committee on Criminal Justice Select Committee on Organized Crime Tallahassee
QUESTION:
May the 5 percent surcharge imposed under s. 960.25, F. S., be waived, modified, or deferred by the court if it finds that such surcharge would impose a severe financial hardship?
SUMMARY:
The 5 percent surcharge on bail bonds, fines, and civil penalties imposed in Ch. 77-452, Laws of Florida, may be waived by the court if it is deemed by the court to impose a severe financial hardship.
Your question is answered in the affirmative.
Section 1 of Ch. 77-452, Laws of Florida, creating s. 960.20, F. S., imposes a $10 additional cost to be imposed in addition to any other cost required to be imposed by law where any person pleads nolo contendere or guilty to, or is convicted of, a felony or misdemeanor. The section further provides in pertinent part:
 The court may waive, modify, or defer payment of the additional costs imposed by this act if it finds they would impose a severe financial hardship. (Emphasis supplied.)
Coupled with the additional $10 cost imposed in s. 960.20, F. S., s. 6 of Ch. 77-452, Laws of Florida, creates s. 960.25, F. S. This section creates a 5 percent surcharge on all fines, bail bonds, and civil penalties prescribed by law, said surcharge to be deposited in the Crimes Compensation Trust Fund pursuant to s. 2 of Ch. 77-452, amending s. 142.01, F. S. There is no specific language in s. 960.25 permitting a court to waive, modify, or defer payment of the 5 percent surcharge. Your question, whether the statutory language of s. 960.20, which permits a waiver, modification, or deferral of the $10 additional cost applies to s. 960.25, is one of legislative intent. To determine the intent of the Legislature in passing Ch. 77-452, it is necessary to apply a rule of statutory construction.
The Legislature is presumed to have a working knowledge of the English language, and if part of a statute appears to have a clear meaning if considered alone, but when given that meaning is inconsistent with other parts of the same statute or others inpari materia, it is necessary to ascertain the overall intention of the Legislature. Florida State Racing Commission v. McLaughlin,102 So.2d 574 (Fla. 1958). Further, it is never presumed that the Legislature intended to enact purposeless, and therefore useless, legislation. Dickinson v. Davis, 224 So.2d 262 (Fla. 1962); Shares v. Hotel Corp. of America, 144 So.2d 813 (Fla. 1962).
With these presumptions in mind, the Legislature's use of the plurals, `costs' and `they' in s. 960.20, F. S., leads me to the conclusion that it was the intent of the Legislature to allow the 5 percent surcharge provided for in s. 960.25, F. S., to be waived, modified, or deferred by a court if the court determines the surcharge would impose a severe financial hardship. Further, supporting this conclusion is the wording of s. 960.20 that the court may waive the additional costs imposed, `. . . by this act.' If it had been the Legislature's intention to limit the waiver of the costs to the $10 additional cost, the word used would have been `section' in place of `act,' thereby specifically referring to the additional $10 cost provided for in that section.
I point out that the final interpretation and construction of statutory language is within the province of the judicial branch of the government of this state, and that it is possible that if considered by the courts, a different interpretation of the legislative intent in enacting Ch. 77-452, Laws of Florida, may be reached.
Prepared by: Thomas A. Beenck, Assistant Attorney General