Mr. Robert D. VanHorne Assistant County Attorney for Pasco County 7530 Little Road New Port Richey, Florida 34654
Dear Mr. VanHorne:
You have asked for my opinion on substantially the following questions:
1. Is a tape recording of a "911" call in the possession of the Pasco County Emergency Services Department exempt from the Public Records Law if the call was transferred to a law enforcement agency which is entitled to treat such a record as exempt pursuant to s. 119.07(3)(d), F.S.?
2. What information on a "911" audio tape in the possession of the Pasco County Emergency Services Department is exempt from a public records request in addition to the exemptions specified in s.365.171(15), F.S.?
In sum:
1. An audio tape recording of a "911" call made by the Pasco County Emergency Services Department is a public record which is subject to disclosure pursuant to s. 119.07(1), F.S., after the deletion of the name, address, telephone number, or personal identifying information about any person requesting emergency service or reporting an emergency.
2. All information contained in a "911" emergency recording is subject to public disclosure except for the name, address, telephone number, or personal identifying information specifically made confidential and exempt by s. 365.171(15), F.S. (1992 Supp.)
Your questions are interrelated and will be answered together.
The Pasco County Emergency Services Department (PCESD) has received requests from the news media and other sources for copies of audio tapes of calls received by the department through the "911" system.
According to your letter, in Pasco County these calls are answered by the emergency services department which transfers the call to the appropriate agency or department. Emergency calls are recorded by the PCESD on audio tape, usually at least until the emergency operator is satisfied that the agency or department to which the caller was transferred is able to respond.
Under this arrangement, the "911" call is sometimes taped in its entirety by the PCESD and at other times the PCESD terminates its taping with the caller still in communication with the agency or department that is responding to the call. You note that the recording made by the law enforcement agency of its portion of the "911" call is a separate and distinct record from the audio tape made by PCESD.
Section 365.171, F.S. (1992 Supp.), is the "Florida Emergency Telephone Act."[1] In enacting this statute, the Legislature intended "to establish and implement a cohesive statewide emergency telephone number `911' plan which will provide citizens with rapid direct access to public safety agencies by dialing the telephone number `911' with the objective of reducing the response time to situations requiring law enforcement, fire, medical, rescue, and other emergency services."
Section 365.171(15), F.S. (1992 Supp.), provides for the confidentiality of records obtained by a public agency providing such services, by stating in part:
Any record, recording, or information, or portions thereof, obtained by a public agency or a public safety agency for the purpose of providing services in an emergency and which reveals the name, address, telephone number, or personal information about, or information which may identify any person requesting emergency service or reporting an emergency by accessing an emergency telephone number "911" system is confidential and exempt from the provisions of s. 119.07(1), except that such record or information may be disclosed to a public safety agency. The exemption applies only to the name, address, or telephone number of any person reporting an emergency while such information is in the custody of the public agency or public safety agency which receives the initial "911" telephone call.
Thus, a recording of a "911" telephone call by the Pasco County Emergency Services Department constitutes a public record which is open to public inspection and copying pursuant to s. 119.07(1)(a), F.S., which provides that:
Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. . . . .
However, where a public record contains some information which is exempt from disclosure, s. 119.07(2), F.S., requires the custodian of the document to delete or excise that portion or portions of the record for which the exemption is asserted and to provide the remainder of the record for inspection.[2]
Two separate provisions of s. 365.171(15), F.S. (1992 Supp.), refer to the confidentiality of specific information contained in "911" records. The first sentence of this section states that "the name, address, telephone number, or personal information about, or information which may identify any person requesting emergency service or reporting an emergency by accessing an emergency telephone number `911' system is confidential and exempt from the provisions of s. 119.07(1) . . . ." The statute goes on to provide, however, that "[t]he exemption applies only to the name, address, or telephone number of any person reporting an emergency" when this information is in the custody of the public safety agency which has received the initial "911" call.
Prior to its amendment in 1990, s. 365.171(15), F.S., merely provided confidentiality for information "which reveals the name, address, or telephone number of any person requesting emergency service or reporting an emergency by accessing an emergency telephone number "911" system[.]"[3] Relying on this language, it was concluded in AGO 90-43 that only that portion of the voice recording of a "911" call relating to the name, address, and telephone number of the person calling the emergency telephone number "911" to report an emergency or to request emergency assistance is exempt from the disclosure requirements of Ch. 119, F.S. Thus, the opinion concluded that the voice recording of a "911" call is subject to disclosure once the name, address and telephone number of the caller have been deleted.
Following issuance of this opinion, the first sentence of s.365.171(15), F.S., was amended to extend confidentiality to certain personal, identifying information. An examination of the legislative history for enactment of Ch. 90-305, Laws of Florida, reveals that this change in subsection (15) was intended to "[p]rovide for confidentiality of `911' recordings or portions of such recordings when processing information requests [under the provisions of section 119.07(1), Florida Statutes . . .] for personal information or information which might identify a person requesting or reporting emergency service by use of the `911' number."[4] (emphasis in original) Thus, it does not appear that the legislature intentionally distinguished between the material to be made confidential pursuant to these two provisions; rather an oversight appears to have occurred and the broader language was not included in the second sentence of s. 365.171(15), F.S.
The language relating to personal information or identifying information was added to s. 365.171(15), F.S., in 1990. As this amendment represents the last expression of legislative will, it would control over the narrower expression of confidentiality contained in the earlier provisions of this subsection.[5]
Thus, it is my opinion that a tape recording of a "911" call is a public record subject to disclosure and copying when in the custody of the Pasco County Emergency Services Department. However, that portion of the voice recording of a "911" call containing the name, address, telephone number, and personal information or information which might identify a person requesting emergency service or reporting an emergency must be deleted or excised by the records custodian prior to disclosure. In order to reconcile the language in these two provisions, the Legislature may wish to consider amending s. 365.171(15), F.S., to make the references to information which is to be confidential and exempt consistent throughout.
Sincerely,
Robert A. Butterworth Attorney General
RAB/trh
[1] Section 365.171(1), F.S. (1992 Supp.).
[2] See, AGO 84-81 concluding that a custodian of records containing both exempt and nonexempt material may comply with s.119.07(2)(a), F.S., by any reasonable method which maintains and does not destroy the exempted portion while allowing public inspection of the nonexempted material.
[3] See, s. 365.171(15), F.S. 1989.
[4] See, Final Staff Analysis Economic Impact Statement of CS/HB 1437, House of Representatives Committee on Community Affairs, dated June 28, 1990.
[5] See, e.g., Sharer v. Hotel Corporation of America,144 So.2d 813 (Fla. 1962) (last expression of Legislature is the law).