Mr. Kevin P. Markey Assistant City Attorney City of Cape Canaveral 775 East Merritt Island Causeway Merritt Island, Florida 32952
Dear Mr. Markey:
You have asked for my opinion on substantially the following question:
Is the City Council of the City of Cape Canaveral authorized to amend by ordinance, rather than by referendum, provisions of its city charter relating to the terms of elected officers and the manner of their election in order to remove masculine terminology for councilmembers and substitute gender neutral terminology?
In sum:
A change in the Charter of the City of Cape Canaveral from masculine terminology to gender neutral terminology in provisions relating to the terms of elected officers and the manner of their election may be accomplished by ordinance.
You have advised this office that the provision of the Charter of the City of Cape Coral which are under consideration were adopted prior to 1973 and have not been readopted since that time.
Section 166.021(1), F.S. (1992 Supp.), of the Municipal Home Rule Powers Act, provides that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." In order to implement this broad grant of home rule power to municipalities, ss. 166.021(4) and (5), F.S. (1992 Supp.), modified and repealed, or converted into ordinances, many municipal charter provisions which affected certain subject matters enumerated therein. Pursuant to s. 166.021(4), F.S. (1992 Supp.), however,
[N]othing in this act shall be construed to permit any changes in a special law or municipal charter which affect the exercise of extraterritorial powers or which affect an area which includes lands within and without a municipality or any changes in a special law or municipal charter which affect the creation or existence of a municipality, the terms of elected officers and the manner of their election, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards,[1] any change in the form of government,[2] or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031.
You ask whether substituting gender neutral terminology for masculine terminology in the city charter would constitute "changes . . . which affect . . . the terms of elected officers and the manner of their election" such that approval by referendum of the electors would be required.
This office has previously considered the meaning of the phrase "the manner of their election[.]" In AGO 75-158, this office construed the phrase to relate to the method established for filling vacancies in city office. Thus, in that opinion, the Town of Lake Placid was advised to make no change in a provision of the charter of the town which would affect the method established therein for filling vacancies in the office of town councilman without referendum approval as provided in s. 166.031, F.S.[3]
Similarly, the reference in s. 166.021(4), F.S., to changes which affect the terms of elected officers would appear to refer substantively to the terms of office which such officers serve. Recently this office considered whether a city could amend the city charter to limit the term of the deputy mayor to six months rather than the one year term contained in the charter.[4] The charter provided that a deputy mayor was to be chosen by majority vote of the city commissioners from among them. Thus, the issue was whether this type of selection of the deputy mayor constituted an election within the scope of s. 166.021(4), F.S., or whether the statute only contemplates an election by the voters. In AGO 90-11, it was concluded that the term "elected" could refer to either a vote of the people or to a vote by an organized body. Therefore, it was concluded that the city commission was not authorized to amend the charter by ordinance with respect to this matter but that such a change should be the subject of approval by referendum.
I cannot conclude that a modification of the terminology used in the Charter of the City of Cape Canaveral from masculine to gender neutral would constitute a substantive "change in a special law or municipal charter which affect[s] . . . the terms of elected officers and the manner of their election . . . ." To read the statutory language of s. 166.021(4), F.S., to refer generally to "any changes in a special law or municipal charter" without regard to the qualifying phrases following, would make this qualifying language superfluous and there is a presumption against such a result.[5]
Therefore, it is my opinion that such a change may be made by ordinance and that these changes need not be made subject to a referendum of the electors pursuant to s. 166.021, F.S. (1992 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, AGO 84-12 construing this language and determining that "matters" as it is used in s. 166.021(4), F.S., is a term of wide meaning so that a city council is without authority under this section to affect an amendment of the city charter changing the name of the city's appointive planning and zoning board of appeals without approval by referendum; and see, AGO 83-39 (appointment of alternate members with voting powers to an appointive municipal civil service board created by special law enacted prior to July 1, 1973, is a matter that can only be accomplished by the governing board of the municipality by a charter amendment within the approval by reference of the electors of the municipality as prescribed by s. 166.031, F.S.); and AGO 75-136.
[2] See, AGO 77-135 (the phrase "any change in the form of government" in s. 166.021[4], F.S., contemplates a change in the allocation of the basic policymaking and administrative functions of municipal government [as from a strong mayor form to a city manager form]. Amendments to municipal charter provisions adopted prior to July 1, 1973, the effective date of the Municipal Home Rule Powers Act, may be made by ordinance if such changes do not affect the basic organizational and administrative structure of the municipality's government [and if such changes do not fall within any of the other excluded areas — such as rights of municipal employees — set forth in s. 166.021[4]. Charter provisions adopted or readopted subsequent to the effective date of the Municipal Home Rule Powers Act may be amended only pursuant to s. 166.031, F.S.).
[3] See also, AGO 75-172 (concluding that the word "manner" as used in s. 166.021(4), F.S., "refers to the procedure by which something is accomplished and, thus, the phrase the manner of their election includes all aspects of the procedure by which the municipal officers are elected.")
[4] See, AGO 90-11.
[5] See, Dickinson v. Davis, 224 So.2d 262 (Fla. 1969), and Sharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962) (it is never presumed that the Legislature intended to enact purposeless or useless legislation).