The Honorable Daniel M. Bodiford Clerk of Circuit Court Walton County Post Office Box 1260 DeFuniak Springs, Florida 32435-1260
Dear Mr. Bodiford:
You have asked for my opinion on substantially the following question:
Pursuant to section 61.13016, Florida Statutes, what action should be taken by the clerk of the court, acting on behalf of the child support depository, to provide notice to the obligor of a delinquency in support payments when:
1. The obligor has no record on file with the Department of Highway Safety and Motor Vehicles; or
2. The obligor does not have a valid, current Florida drivers' license so that the last address of record may not be correct?
In sum:
Section 61.13016, Florida Statutes, requires the clerk of the court to provide notice to an obligor of delinquent child support that his or her driving privileges and motor vehicle registration may be suspended unless the delinquency is corrected. This notice must be given by regular United States mail posted to the obligor's last address of record on file with the Department of Highway Safety and Motor Vehicles. If an obligor has an address on record with the department, the statute requires that address to be used by the clerk for notification. In the event that no address is on file with the Department of Highway Safety and Motor Vehicles, the clerk is relieved of the duty to provide notice to the obligor of a possible suspension of driving privileges.
Section 61.13016, Florida Statutes, authorizes the suspension of driver's licenses and motor vehicle registrations of those persons who are delinquent in their payment of child support. The statute provides:
"(1) The driver's license and motor vehicle registration of a child support obligor who is delinquent in payment or who has failed to comply with subpoenas or a similar order to appear or show cause relating to paternity or child support proceedings may be suspended. . . . Upon a delinquency in child support in non-IV-D cases, and upon the request of the obligee, the depository or the clerk of the court must provide notice to the obligor of the delinquency and the intent to suspend by regular United States mail that is posted to the obligor's last address of record with the Department of Highway Safety and Motor Vehicles. . . ."
The statute goes on to set out the requirements for the notice to be provided to the obligor.[1]
If the person owing child support does not pay the delinquency within twenty days, enter into a payment agreement or otherwise comply with legal process, the clerk "shall file the notice with the Department of Highway Safety and Motor Vehicles and request the suspension of the obligor's driver's license and motor vehicle registration in accordance with s. 322.058."[2] Section 322.058, Florida Statutes, is a directive to the Department of Highway Safety and Motor Vehicles to suspend the Florida motor vehicle operators license and the registration of all motor vehicles owned by a person who has a delinquent child support obligation when the department receives notice from the clerk of the court of that delinquency.
Section 61.13016, Florida Statutes, is one of a number of statutes adopted to provide options for the enforcement of child support orders. Section 61.13015, Florida Statutes, authorizes the court to suspend the license or certificate of certain professions or occupations for a child support obligation delinquency. The Department of Banking and Finance is authorized by section 61.13017, Florida Statutes, to withhold from the refund of the motor vehicle impact fee any delinquent child support. In each of these cases, the governmental agency or officer acts primarily as a ministerial entity performing tasks as the Legislature has directed.
The language of section 61.13016, Florida Statutes, is clear. When a delinquency in a child support case occurs and the obligee requests the clerk to act, the clerk must provide notice of this delinquent amount and the possibility of a driver's license and motor vehicle registration suspension to the person owing the duty of support. This notice is to be sent by regular United States mail to the obligor's last address of record on file with the Department of Highway Safety and Motor Vehicles.[3] If no appropriate response is received within twenty days after the notice is mailed, the clerk notifies the Department of Highway Safety and Motor Vehicles to suspend the obligor's driver's license and motor vehicle registration.[4]
Pursuant to section 61.13016, Florida Statutes, the clerk is required to send the notice of delinquency and possible suspension to "the obligor's last address of record with the Department of Highway Safety and Motor Vehicles." The statute does not provide any alternative procedure. It is the rule that when the Legislature directs how a thing must be done, that direction must be followed.[5] However, while the clerk is under no obligation to do so, nothing in the statute would prohibit him from also sending such a notice to the address of the child support obligor that is on record with the depository. Section 61.181, Florida Statutes, requires parties using the child support depository for support payments to inform the depository of changes in names and addresses within seven days of any such change.[6] Clearly, if the obligor has moved from this state as you suggest may be the case, the suspension of his or her driving privileges and motor vehicle registration in Florida will be of little consequence.
In a situation where the Department of Highway Safety and Motor Vehicles has no record of the obligor's address on file, the impossibility of accomplishing the task assigned by the Legislature would appear to relieve the clerk of the duty to send notice to the obligor. It should never be presumed that the Legislature intended to enact purposeless or useless legislation.[7] Again, if the obligor has no address on file with the department he or she is likely not a Florida driver and the threat of suspension of driving privileges or motor vehicle registration is no incentive to make up a delinquency in child support.[8]
In sum, it is my opinion that section 61.13016, Florida Statutes, requires the clerk of the court to provide notice to an obligor of delinquent child support that his or her driving privileges and motor vehicle registration may be suspended unless the delinquency is corrected. This notice must be given by regular United States mail posted to the obligor's last address of record on file with the Department of Highway Safety and Motor Vehicles. If an obligor has an address on record with the department, that address must be used by the clerk for notification purposes. In the event that no address is on file with the Department of Highway Safety and Motor Vehicles, the clerk is relieved of the duty to provide notice to the obligor of a possible suspension of driving privileges.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 61.13016(1), Florida Statutes, requires that the notice state:
"(a) The terms of the order creating the child support obligation;
(b) The period of the delinquency and the total amount of the delinquency as of the date of the notice or describe the subpoena, order to appear, order to show cause, or other similar order which has not been complied with;
(c) That notification will be given to the Department of Highway Safety and Motor Vehicles to suspend the obligor's driver's license and motor vehicle registration unless, within 20 days after the date the notice is mailed, the obligor:
1.a. Pays the delinquency in full;
b. Enters into a written agreement for payment with the obligee in non-IV-D cases or with the Title IV-D agency in IV-D cases; or in IV-D cases, complies with a subpoena or order to appear, order to show cause, or a similar order; or
c. Files a petition with the circuit court to contest the delinquency action; and
2. Pays any applicable delinquency fees.
If the obligor in non-IV-D cases enters into a written agreement for payment before the expiration of the 20-day period, the obligor must provide a copy of the signed written agreement to the depository or the clerk of the court."
[2] Section 61.13016(2), Fla. Stat.
[3] I would note that section 322.19(2), Florida Statutes, requires a person who has a driver's license to advise the Department of Highway Safety and Motor Vehicles of a change of residence or mailing address within 10 calendar days of such a change. Subsection (3) makes a violation of this section a nonmoving violation with a penalty as provided in section318.18(2), Florida Statutes.
[4] And see, s. 322.058, Fla. Stat., describing the responsibilities of the Department of Highway Safety and Motor Vehicles when the department receives notice that a driver's license must be suspended for a child support delinquency.
[5] Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944). Andsee, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952);Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[6] See, s. 61.181(3)(a)1., Fla. Stat. (1998 Supp.), requiring that the child support depository maintain records listing "[t]he obligor's name, address, social security number, place of employment, and any other sources of income[,]" and s.61.181(3)(c), Fla. Stat. (1998 Supp.), which requires parties using the depository for support payments to inform the depository of changes in names or addresses within 7 days.
[7] See, Dickinson v. Davis, 224 So.2d 262 (Fla. 1969); Sharerv. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962).
[8] Section 322.03(1), Fla. Stat., provides generally that no person may drive a motor vehicle upon Florida's highways unless they have a valid driver's license.